CASE 33—PETITION ORDINARY—JULY 2

# Hedger vs. Downs.

### APPEAL FROM GRANT CIRCUIT COURT.

1. Section 392 of the Civil Code was intended to make provision for, and is only applicable to, that state of an action in which part of the defendants have been served with process and others have not been served at all.

2. Actions upon contract, wherein the summons has been served in due time upon part only of the defendants, may be tried at the first term as to those so summoned, and may be continued as to the others.

3. In an action by ordinary proceedings, not founded on contract, the plaintiff can only demand a trial at any term as to part of the defendants when his action has been discontinued on the first day of the term as to those defendants who have not been summoned. Where this requisition has not been complied with, and a defendant upon whom process was served in due time, objected to the trial at the time it was had, and then excepted to the ruling of the circuit court in compelling him to go to trial, it is not necessary that he should move for a correction of the error in that court before taking an appeal.

E. H. SMITH, for appellant, cited *Civil Code, sec.* 392.

JUDGE WOOD DELIVERED THE OPINION OF THE COURT:

This was an action commenced in the circuit court by the appellee against the appellant and one John McGibbony to recover the value of a certain bay mare, alleged to have been wrongfully taken and withheld from appellee, and damages for the alleged wrong.

Process was served upon one of the defendants only—Hedger, the present appellant.

At the May term, 1858, of the Grant circuit court, the action was called and tried as to Hedger, and judgment rendered against him, without having been previously, in any manner, disposed of as to the other defendant, who had not been summoned.

Article 7, title 9, of the Civil Code, regulates the "time of trial" of actions.

Section 392, in that article and title, provides that "actions by ordinary proceedings shall stand for trial at the first term after process has been served on the defendant as specified in section 135."

And " an action on contract, wherein the summons has been served in due time, as provided in section 135, upon part only of the defendants, shall stand for trial at the first term as to those so summoned, and may be continued as to the others for further proceedings."

It then provides that " in other actions by ordinary proceedings the plaintiff can only demand a trial at any term as to part of the defendants upon his discontinuing his action on the first day of such term as to the others."

This section was evidently intended to make provision for, and is applicable only to, that state of an action in which part of the defendants have been served with process and others have not been served at all.

And a distinction is made between actions founded on contract and other actions. Actions upon contract, wherein the summons has been served in due time, as provided in a previous section, upon part only of the defendants, may be tried at the first term as to those so summoned, and may be continued as to the others.

In *all other actions* by ordinary proceedings, the plaintiff can only demand a trial at any term as to part of the defendants when his action has been discontinued on the first day of the term as to those defendants who have not been summoned.

This was not " an action upon contract," but is embraced within the comprehensive expression used in the last clause or member of section 392, namely, " other actions." It would, under our old system of pleading, have been an action *ex delicto*.

McGibbony had not been summoned. Appellee demanded a trial as to appellant. A trial was resisted at that term because the action had not been discontinued on the first day of the term as to the defendant not summoned as required by the section of the Code *supra*.

But, in the language of the bill of exceptions, " the defendant's objections were overruled, and the court permitted the plaintiff to continue the case as to McGibbony, and compelled Hedger to go into trial." To this action of the court Hedger then excepted. ·

A verdict and judgment against Hedger were the result of the trial, and from that judgment this appeal is prosecuted.

It is clear that the action, under the provisions of the Code of Practice, did not stand for trial at the time it was tried. The plaintiff had no right then to demand a trial. He could *only* have demanded a trial when the prerequisite of the Code had been satisfied, viz: the discontinuance of the action as to McGibbony on the first day of the term.

It was, therefore, erroneous to try the action in the state it was in and at the time it was tried.

This is not a clerical misprision which is not a ground for an appeal until the same has been presented and acted on by the circuit court. (*Secs.* 577 *and* 578, *Civil Code.*)

This court has heretofore decided that the failure of an appellant to treat the refusal of the circuit court to continue a cause as a clerical misprision, and move for its correction in *that* court, before taking an appeal, as prescribed in the sections 577 and 578, does not deprive him of his right to a reversal here, in a case where he objected to the trial at the time it was had, and then excepted to the ruling of the court in compelling him to go to trial.

The two sections last cited apply only to cases where no resistance was made to the trial below, and where the circuit court has not passed at all upon the objections to the trial.

The Code does not require the useless and idle ceremony of a motion to correct the mistake of rendering a judgment before the action stood for trial, according to the provisions of the Code, after judgment, when the defendant at the time of trial objected to it, and excepted then to the ruling of the court in compelling him to go to trial, notwithstanding his objection. (*Flood, &c., vs. Owsley, MS. opinion, June,* 1857.)

It is not deemed necessary, or, indeed, proper, now to notice the other point made in the case, as upon a second trial the facts developed may be variant from those presented by the bill of exceptions which constitutes part of this record; and other instructions may be given appropriate to the altered state of facts.

But for the error aforesaid the judgment *is reversed,* and the cause remanded, with directions to the circuit court to grant to the appellant a new trial, and for further proceedings not inconsistent with this opinion.