JUDGE WILLIAMS,
dissenting from the opinion of the majority of the court, delivered the following opinion:
With all due deference to the majority of the court, I must dissent from the opinion in this case.
By the rules of the common law, juries were not authorized to give several damages in a joint action against trespassers, save in a very peculiar class of cases where a joint action against several trespassers could be maintained. (See 3 Mon., 137; 1 J. J. Mar., 361; 4 J. J. Mar., 269.)
If the jury should assess several damages against joint trespassers, the plaintiff might either take a judgment against all for the amount of some one assessment, and disregard the others; or, he might remit all but the one, and take a joint judgment for that; or, he might dismiss the parties, not included in the assessment, that he should elect to take judgment on. This was evidently founded on the principle of law that each joint trespasser was liable for the whole trespass; and, the jury having found all guilty, should have found a joint,verdict. Consequently there was no violence done either defand-antin rendering judgment for the amount of either one of the assessments.
Experience had shown that parties who had barely committed acts sufficient to convict them of being joint trespassers were often mulct in heavy damages by reason of the lawless conduct of some co-defendants, whilst, on the other hand, plaintiffs were some times deprived of heavy damages against lawless defendants, because some co-defendant’s conduct was *335 of such character as to disincline. the jury to award heavy damages against him. To avoid those hardships to the parties, the Legislature, by the act of 1839, (3 Stat., 573,) author-ises several damages; and which enactment is still in force.
In Shelton, &c. vs. Harlow, (15 B. Mon., 547,) three defendants were jointly sued. The evidence connected two, but there was no evidence against Roberts; yet the jury gave a joint verdict, (perhaps through mistake or inadvertency.) On a motion for a new trial the court put the plaintiif to her election to dismiss as to Roberts, else give a new trial. She having elected to dismiss, the motion as to the others was overruled. The verdict in this case should have been against the two defendants proven guilty. As Roberts was not proven guilty, it was im-impossible that his being a defendant, or that his conduct, should have enhanced the damages. Therefore the guilty defendants had no right to complain, because the judgment was upon the verdict, as the law required it should have been rendered, and fully sustained, in analogy to that principle alluded to, which authorised a plaintiff to take his judgment on either, where there were several assessments.
In the- case under advisement, the evidence established the guilt of all the defendants; the jury found a joint verdict for $825. The number and conduct of all the defendants, and that it-was a final finding as to all, was considered by the jury, and well calculated to enhance the damages; the plaintiff bad-gotten the advantage of all these, and the jury awarded to him full damages in consideration thereof. Yet by an irregularity of his own, in not having a guardian ad litem appointed for a minor defendant, his verdict and judgment are defective
The court below, granted to the minor a new trial, without putting the plaintiff on his election, and overruled the motion for a new trial as to the other defendants; The judgement is certainly a departure from the verdict, and this departure not to sustain any known principle of law, but in contravention thereof. It is not to make the judgment conform to what the verdic should have been, for there is no legal standard by which to say what the verdict would have been, or should have been, had not this minor defendant also been put on trial.
*336 The jury have, said in their verdict that plaintiff should recover against all these defendants $825. The court has said, by its judgment, that he shall recover against two of the defendants $825 — and may hereafter recover of the other defendant another $825 — if a jury shall so award; for, in answer to this, it will not do to say that the judgment bars further proceedings as to the minor defendant. This court has virtually decided otherwise in the case of Green vs. Redman, Mss. opin., Oct., 1857.
It is attempted to uphold this judgment by virtue of sec. 402 Civil Code, which is in these words: “Though all the defend'ants have been summoned, judgment may be rendered against any of them severally, where the plaintiff would be entitled to judgments against said defendants if the action had been against them alone.” The rule of practice under the common law was that in a joint action of trespass the plaintiff could not proceed to trial against some of the defendants and continue as to others. This section of the Code doubtless changed that rule of practice; and this is its whole effect, as intended by the legislature, in all probability. It certainly was not intended to cure an irregularity, though such was decided in Waller, &c. vs. Martin, (17 B. Mon., 188,) which case was very properly overruled in Hedger vs. Downs, (2 Met., 160.) If it could not cure an irregularity, where the party had not been summoned, it is hard to perceive how it can cure an irregularity where a party has been summoned. It certainly gives a plaintiff the right to go to trial against a part of the defendants, but does not cure irregularities committed on the trial.
It is not perceived how this irregularity could have been cured, even by putting the plaintiff on his election either to dismiss the suit as to the minor defendant or to give a new trial to all the defendants.
The jury, by their verdict, have found a gross sum against all the defendants, the court, by its judgment, has said it is only against two. The jury have said that $825 shall be full compensation to plaintiff against all the defendants; the court says it shall only be so, as to part of them. The jury has said *337 the payment of $825 shall be a finality between the parties; the court says it shall not. The court, by its judgment, rewards the plaintiff for his neglect, error and folly, with an opportunity to recover a further sum, and makes an erroneous and defective verdict and judgment more valuable to him than if these had been perfect. Such was never intended by the law.
In a joint verdict and judgment against joint trespassers the law requires that the plaintiff shall be able to sustain them as to all, or they will be good as to none. Such is the law in my opinion.