## Robinson v. Robinson.

(Decided October 28, 1915.)

### Appeal from Pike Circuit Court.

Divorce—Void Marriage—Entry of Judgment on Order Book Indispensable.—Where a woman, who had not been divorced from her first husband, married the second time, the marriage was void; and although she had brought a suit against her first husband for divorce, and after the suit had been prepared for trial the court had announced that he would grant the divorce, and ordered the judgment to be prepared, the entry of this judgment on the record book of the court was indispensable to establish the fact that the divorce was granted.

J. S. CLINE for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee brought this suit in January, 1914, to obtain a divorce from the appellant on the ground of adultery. The appellant filed her answer and cross-peti-

tion in February, 1914, in which she averred that they were married on the 23rd day of December, 1913, and lived together only about four weeks, separating some five days before the suit was brought. She denied the charge of adultery, and set up that the appellee had abused and mistreated her in such a manner as to indicate a settled aversion to her, and further averred that "although there was born of the marriage one child, of which the plaintiff is the father," he had refused to furnish anything for its support. She asked for an allowance pending the suit, and for alimony for herself and child.

In March, 1914, the court made an order allowing the appellant alimony; and in May, 1914, an amended petition was filed in which it was averred that the plaintiff had learned since the petition was filed that the defendant had never obtained a divorce from her first husband, although a suit had been brought by her for that purpose, and that in representing herself as a single woman she practiced a fraud on him, and therefore he prayed that the contract of marriage be set aside and held for naught.

For answer to this amended petition the appellee, after traversing it generally, affirmatively averred that she had instituted a suit for divorce against her former husband, which, after being prepared for hearing, was submitted, and the court had directed a judgment to be prepared granting her a divorce, and this judgment was given to the clerk, but for some reason was not recorded on the order book.

The Clerk of the Pike Circuit Court, in which the divorce suit brought by appellant was pending, filed a certificate showing that the last order made in that divorce suit was "submitted for judgment" and that there was no judgment of record in the case. Whereupon this case was submitted. The order granting alimony was set aside, and it was adjudged that the contract of marriage was void on account of the fact that the appellant had never obtained a divorce from her first husband.

On this appeal it is urged as a ground of reversal that the court erred in submitting the case over the objection of the appellant, as it did not stand for trial, and in dismissing the appellant's claim for alimony, as there was no competent evidence that she had not been divorced from her first husband.

The court did not prematurely submit the case, and no evidence of the fact that the appellant had not been divorced was necessary, as her answer to the amended petition admitted that she had not been. The court may have indicated that it would grant her a divorce from her first husband and directed her attorney to prepare the judgment, but the entry of the judgment on the order book of the court was indispensable to establish the fact that the divorce was granted and it was admitted that the judgment had not been entered.

The judgment is affirmed.