## Jones v. Hazard Dean Coal Company, et al.

(Decided April 21, 1916.)

## Appeal from Perry Circuit Court.

1.  Equity—Premature Submission and Judgment.—Where, in a suit in equity, answers to the petition and cross-petition both made issues of fact and there was no consent that the statements of the answers be taken as true; and such answers were, without default, filed too late for the issues to be completed thirty days before the first term of court succeeding the filing of the action, the case did not stand for trial at that term, neither under section 366 nor section 367a, subsection 5, Civil Code.

2.  Appeal and Error—Clerical Misprision—When Appeal From Will Not Lie.—Since section 517, Civil Code, provides that premature rendition of judgment is a clerical misprision; and section 516 that a misprision of the clerk shall not be ground for appeal until the same is presented and acted upon in the circuit court, the Court of Appeals has no jurisdiction where there was no attempt on the part of the appellant to vacate a premature judgment in the court below before taking the appeal.

WOOTTON & MORGAN, ELMORE D. HAYS and J. SMITH HAYS for appellant.

J. B. EVERSOLE, H. C. FAULKNER, MILLER & WHEELER and D. Y. COMBS for appellees.

OPINION OF THE COURT BY JUDGE SETTLE.—Dismissing appeal.

By a judgment of the Perry circuit court in the action in equity of D. Y. Combs v. W. M. Jones and Hazard Dean Coal Company, and the cross-action in the same case of Hazard Dean Coal Company v. W. M. Jones, Combs recovered of both Jones and Hazard Dean Coal Company ten shares of the capital stock of the Hazard Dean Coal Company, of the par value of one hundred dollars each, if to be had, and if not, $1,000.00, the cash value of the whole of such stock, with interest from the date of the judgment and costs; and the Hazard Dean Coal Company on its cross-petition recovered of W. M. Jones $1,500.00, with interest from the date of the judgment and its costs. Jones has appealed from the judgment as to each recovery and the Hazard Dean Coal Company from so much thereof as allowed the recovery in favor of Combs against it.

It is the contention of the appellant, W. M. Jones, that the case, neither on the petition nor cross-petition, stood for trial at the term of the circuit court during which the judgment appealed from was rendered, and that its submission and the judgment rendered on both the petition and cross-petition were premature and unauthorized. This contention seems to be sound. Section 366, Civil Code, provides:

"The plaintiff shall be entitled to a trial in an equitable action, at the first term after the summons has been served on all the defendants, as provided in section 102, if no issue of fact be made by the pleadings; or if the plaintiff consent that the statements of the answer may be taken as true."

Summons in the case, on both the petition and cross-petition, had been served as required by section 102, Civil Code, but the answers to the petition and cross-petition made issues of fact and there was no consent that the statements of the answers be taken as true; and such answers, though filed without substantial default on the part of the parties making them, were not filed in time for the issues to be completed thirty days before the commencement of the first term of the court succeeding the institution of the action, as provided by section 367a, subsection 5, Civil Code, which declares:

"Suits in equity shall stand for trial at the first term of court after the issues shall have been completed or by the provisions of this act shall have been completed thirty days before the commencement of the term." Board of Councilmen v. Brislan, 126 Ky. 477; Combs v. Va. Coal Co., 30 R. 408.

In this case appellant had no opportunity to take his proof or otherwise properly prepare his case for trial, but notwithstanding the conclusive showing made of the premature submission of the case and rendition of the judgment, both on the petition and cross-petition, the reversal of same would be unauthorized, for section 517, Civil Code, provides:

"It shall be deemed a clerical misprision: (1) To render judgment before the action stood for trial pursuant to the provisions of this Code. * * *"

And section 516 provides:

"A misprision of the clerk shall not be a ground for an appeal until the same shall have been presented and acted upon in the circuit court."

Section 518, subsection 3, Civil Code, confers upon the court in which a judgment has been rendered, power, after the expiration of the term, to vacate it for a misprision of the clerk; and there was in this case no attempt upon the part of either the appellant, Jones, or the Hazard Dean Coal Company, to correct the clerical misprision in the court below before taking the appeal. For the reasons indicated the appeal of each is dismissed.