## Mayfield Water & Light Company, et al. v. Graves County Banking & Trust Company.

(Decided May 9, 1916.)

### Appeal from Graves Circuit Court.

1. Appeal and Error—Equitable Action—Submission.—An answer raising an issue of fact having been filed in an equitable action, it is reversible error to submit and try the cause at the appearance term unless plaintiff consents that the statements of the answer may be taken as true.

2. Corporations—Sale of Shares of Stock.—Under section 193 of the Constitution and section 568 of the Statutes of this State, a corporation cannot issue or negotiate shares of its capital stock or its bonds for less than the par value.

3. Corporations—Pledge of Stock as Collateral Security.—This prohibition to issue or negotiate prohibits the pledge of the stock or bonds as collateral security in amount, at the par value, in excess of the debt it is pledged to secure.

ROBBINS & ROBBINS and J. C. SPEIGHT for appellants.

W. J. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Reversing.

On May 1, 1914, Lester Gillum executed and delivered to appellee his note due in six months thereafter for $2,000.00, and to secure the payment of which he pledged as collateral security three $1,000.00 second mortgage bonds of the appellant, Mayfield Water & Light Co.

On February 5, 1915, appellee filed suit against Gillum seeking judgment against him upon said note and an enforcement of its lien upon the mortgage bonds.

Upon the third day of the next ensuing term of the Graves circuit court appellant, J. C. Dean, receiver of Mayfield Water and Light Co., filed a petition in this action seeking to be made a party defendant thereto, the material parts of which are as follows:

"He says that bonds sought to be sold in this action against the defendant, Lester Gillum, are the property of the Mayfield Water & Light Company, and as such are legally in his possession as receiver. That said bonds have never been negotiated or sold, but that they were placed by the officers and directors of the company and loaned by them to Gillum, the defendant herein, to be used by him as collateral on the note sued on by plaintiff. He says that said bonds are a part of the assets of the Mayfield Water & Light Company, and as such they can be subjected to the payment of plaintiff's debt, only through and by this court in the management of the property of said company by the receiver.

"Petitioner further says that the bonds placed with the defendant, Gillum, as collateral, and which are now held by the plaintiff, Graves County Banking & Trust Company, and which they seek herein to sell, in amount exceed the debt for which they are placed as collateral; that the note sued on is for the sum of $2,000.00 and the amount of the bonds attached as collateral is $3,000.00, and the petitioner says that the plaintiffs, under the law made and provided by the statutes of Kentucky governing corporations, cannot sell these bonds in any amount in excess of the amount of the note sued on, to-wit: $2,000.00.

"Petitioner further says that at the time said bonds were used by the defendant, Gillum, as collateral, the plaintiff bank knew they were not the property of the defendant Gillum, but were the property of the Mayfield Water & Light Company, and the legal title thereto is and has been in the Mayfield Water & Light Company since the time said bonds were placed by the defendant, Gillum, with said bank as collateral for the note herein sued on. He says that said bonds are a part of the assets, and were a part of the assets of the Mayfield Water & Light Company at the time he was appointed receiver of said company, and that a sale of such bonds, pending the receivership in this court, would materially damage the right of other creditors of the Mayfield Water & Light Company, and would prevent the proper management and application of said company's assets for the benefit of all the creditors of said company."

The filing of this petition was objected to by the appellee, which objections were overruled, the petition filed, appellant made a party defendant and his petition taken as his answer. Upon the next day thereafter appellee

moved to submit the cause for judgment, to which appellant objected and excepted, but the court overruled appellant's objection, sustained the motion to submit, and upon submission rendered judgment in favor of appellee against Gillum for the amount of his debt, interest and costs and ordered a sale of the three mortgage bonds to satisfy said judgment, to so much of which as adjudged a lien upon and ordered sale of the bonds appellant excepted and prayed an appeal to this court.

The first error complained of by appellant is that this action was prematurely submitted by the court for trial over his objections and exceptions. This is an equitable proceeding and was submitted at the first term of the court ensuing after the filing of the petition and upon the next day after appellant had filed his intervening petition. Under section 364 of the Civil Code of Practice, this being an equitable action, it would not stand for trial until a term commencing sixty days after the pleadings had been or should have been completed, unless the appellee had consented of record that the statements of the answer should be taken as true as provided in section 366 of the Civil Code. This consent of record was not given and the submission was forced over the objection of appellant. Therefore if appellant's petition, which was taken as his answer, raised an issue of fact it was reversible error to have submitted the case at the appearance term as was done. Gruell v. Smalley, 1 Duval 359 and Board of Councilmen of City of Frankfort v. Brislan, 126 Ky. 484.

That appellant's pleading did raise an issue of fact, is quite apparent, as it denied ownership of the bonds by Gillum, and asserted title thereto in himself, and further alleged that the appellee had taken said bonds as collateral security, knowing that they were not the property of Gillum and that they were the property of the Mayfield Water & Light Company. This certainly was a denial of the right of Gillum to pledge, or the bank to accept, the bonds as collateral for the payment of said note, and it also denies appellee's lien upon the bonds, or any right to have them subjected to the payment of the judgment against Gillum. Appellee was no doubt proceeding upon the theory that the statement in the intervening petition that the bonds were loaned by appellant to Gillum for the purpose of pledging them with appellee as collateral security for the payment of this

note was an avoidance or estoppel of appellant's right to deny Gillum's ownership or to stay the sale of the bonds in satisfaction of the judgment; but this is not correct. The Mayfield Water & Light Company since it loaned these bonds to Gillum had been placed in the hands of a receiver, Mr. J. C. Dean, who is the appellant here, representing the stockholders and creditors of said company. As such he is entitled to the custody and control under the supervision of the court of all the property of the Mayfield Water & Light Company, and it is his duty and right to take all steps necessary to protect the assets of said company for its stockholders and creditors that they could have taken.

If the loan of the bonds to Gillum by the Mayfield Water & Light Company to be used by him as collateral security was illegal and appellee knew that said bonds did not belong to Gillum and did belong to said company, appellee did not receive said bonds in good faith in due course, and the receiver representing the stockholders and creditors is not estopped from asserting his title, and to deny the lien of appellee upon these bonds. We therefore conclude the chancellor erred in submitting and trying the case at the appearance term.

2. Appellant next urges the judgment is erroneous even had the submission been proper. Section 193 of our Constitution is as follows:

"No corporation shall issue stocks or bonds except for an equivalent in money paid or labor done, or property actually received and applied to the purposes for which such corporation was created, and neither labor nor property shall be received in payment of stock or bonds at a greater value than the market price at the time such labor was done or property delivered, and all fictitious increase of stock or indebtedness shall be void."

Section 568 of the Kentucky Statutes is to the same effect. This section of the Constitution was construed by the United States Circuit Court of Appeals for the sixth circuit in the case of Altenberg v. Grant, 85 Fed. Rep. 345, in the course of which opinion the court said:

"The learned judge at the circuit held that the contract in this case was for an illegal purpose, because an execution of it would be in violation of this section. We concur in this view. The obvious meaning of the section is that stock and bonds shall only be issued in exchange for work or property when the market price of

the labor or property shall be equal to the par value of the bonds or stock exchanged. It has been contended that the market price referred to in the section is the market price of the stock to be issued, and that, if it appears that the work done or property delivered is equal to this market price, the purpose of the section is fulfilled. This would be to render the section nugatory, and would justify a corporation in issuing stock for nothing, if it appeared to have no value in the market. It would thus defeat the plain intent of the section, which was to make the stock and bonds of a corporation worth their face value. The great abuses which have been perpetrated, and the deceits which have been practiced upon the public, in the organization of corporations by the issue of stock and bonds, the par value of which has been grossly in excess of the real capital embarked in their business, are too well known to require comment. The framers of this section, and the people, who adopted it, proposed to remedy these abuses by a specific requirement that no one should acquire stock or bonds from the corporation without having contributed to the capital, available for carrying on its business, cash or its full equivalent in labor or property equal to the par of the stock or bonds received. It is the duty of the court to construe and enforce the section so as to remedy as far as possible the evil at which it was directed.''

This is such a clear and correct statement of the manifest purpose and meaning of the section that further comment is unnecessary.

To the same effect is the opinion in Bennett v. Stuart, 161 Ky. 264. Hence the Mayfield Water & Light Company was without power to issue or negotiate its stock or bonds for money or other thing of less value than the par value of said stock.

Under a Wisconsin law similar to the law we now have under consideration except that under that law the transaction is absolutely void if shares of stock or bonds are issued by a corporation for less than three-fourths of the par value, while under our law the transaction is void as to the excess of the par value of the stock or bonds over the real value received, it was held, in the case of National Foundry & Pipe Works v. Oconto Water Co., 52 Fed. Rep. 29, that the term ''issued'' as used in the Wisconsin statute is used in the sense of ''deliver'' or ''put forth;'' that the bonds were delivered and put forth,

or issued, by the act of pledging them as security for debt and that a corporation had no more right to pledge than to sell.

When the bonds were loaned or pledged in the instant case, they were issued or negotiated as much as they would have been if they had been sold outright. If they were simply loaned to Gillum by the company, of which the bank knew as alleged by appellant, then the pledge of the bonds to the bank was absolutely void. If, however, they were pledged by Gillum for the company and it got the proceeds of the note executed by Gillum and discounted by the bank upon the faith of the bonds as security, as suggested by counsel for appellee in brief may have been the case, then to the extent that said company received the proceeds of said note, and only to that extent, are said bonds, at their par value, liable for said indebtedness.

Hence it follows that under the pleadings in this case, even upon a proper submission, the judgment ordering a sale of the bonds was erroneous, *in toto,* if the bonds were in fact, as alleged, loaned by the Mayfield Water & Light Company to Gillum without consideration, and *pro tanto,* if the company received the proceeds of the Gillum note or any part thereof, to the extent the par value of said bonds exceeded any part of said proceeds received by the company in consideration for the bonds.

Wherefore the judgment is reversed for proceedings consistent herewith.