## Cooper, et al. v. Williamson, et al.

(Decided March 2, 1923.)

### Appeal from Pike Circuit Court.

1. Judgment—Rule that Judgment Cannot be Vacated After the Term Applies to Judgments in Actions for New Trials.—A judgment final in its nature cannot be vacated, set aside, or annulled after the adjournment of the term except by proceedings under Civil Code of Practice, sections 344, 518; and this rule applies to final judgments in actions to procure new trials, as well as in other actions.

2. New Trial—Action for New Trial is Independent Equity Action, and Tried as Similar Actions.—Actions to procure new trials are independent equity actions and are practiced and tried as others of a similar nature.

3. Appeal and Error—Appellee's Right to File Transcript not Affected by Motion to Vacate Judgment Made After Adjournment of

the Term.—A motion to set aside a judgment from which an appeal had been prayed, when made after the special term at which the judgment was rendered had adjourned, did not suspend the judgment or obstruct the right of appellees under Civil Code of Practice, section 741, to file the transcript in the Court of Appeals.

4. Pleading—Demurrer Need Not Have Been Made 30 Days Before Trial of the Question Thereby Raised.—Civil Code of Practice, section 367a, subdivision 5, providing that suits in equity shall stand for trial at the first term when issue shall have been completed 30 days before the commencement of the term, relates to issues of fact, and does not require that a demurrer must have been made 30 days before it stands for trial.

5. Appeal and Error—Plaintiffs Not Prejudiced Because Defendant's Attorney Filed Demurrer Before They Were Summoned.—Plaintiffs were not prejudiced because defendant's attorney entered the appearance of his non-summoned clients by filing a demurrer in their names.

6. Judges—Designation of Special Judge Properly Recorded in the Governor's Office.—The proper place for recording the designation of a special judge to hear and determine cases in which the regular judge is disqualified is in the Governor's office.

7. Pleading—Motion to Set Aside Order Sustaining Demurrer and Dismissing Petition Because Plaintiffs Desired to Amend Held Without Merit.—A motion to set aside order sustaining demurrer and dismissing petition on the ground that plaintiffs were deprived of the opportunity to amend was without merit, where no amendment accompanied the motion, and it did not appear that plaintiffs were deprived of the opportunity to offer the amendment, the order dismissing the petition having been made after the demurrer was sustained.

8. Appeal and Error—Technical Error Will Not be Allowed to Defeat Policy to Bring Litigation to Early Close.—It is the policy of the courts to hasten litigation as much as is consistent with fairness and justice to the parties to the end that the parties entitled thereto may reap their benefits therefrom, and that undue congestion of the docket may be prevented, and the carrying out of such policy may not be obstructed by mere technical errors not possessing substantial matter affecting the material rights of the litigant.

9. New Trial—That Witness Testifying on the Trial Will Now Modify His Testimony Does Not Make Evidence Newly Discovered.—Since a prerequisite to the granting of a new trial for newly discovered evidence is that due diligence must be shown, the testimony of a witness who testified on the trial, but who will now modify his testimony, is not newly discovered evidence.

10. New Trial—Evidence of Transmission of Title from One Whose Own Title was Not Proved Does Not Require New Trial.—Where, in an action involving the title to land, it was decided that the execution of an alleged title bond to O. was not properly established, newly discovered evidence as to the transmission of the

title from O. to another in plaintiff's chain of title does not require a new trial.

11. New Trial—Alleged Newly Discovered Evidence of Matter Gone Into on the Trial Held Cumulative.—In action involving title, newly discovered evidence that plaintiffs or their agents were never in possession is only cumulative, where the question was gone into fully at the trial.

12. New Trial—When Case Went Off on Question of Paper Title, Newly Discovered Evidence that Successful Party Never Had Possession Insufficient.—Where, in action involving title, it was decided that neither side had shown possession and the case went off entirely on the question as to which side had the superior paper title, newly discovered evidence that plaintiffs or their agents were never in possession is irrelevant and immaterial, and does not require a new trial.

STRATTON & STEPHENSON and R. H. COOPER for appellants.

J. J. MOORE for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This is an equity action filed in the Pike circuit court by appellants, R. H. Cooper and others, as plaintiffs, against appellees, Parlee Williamson and others, as defendants, under the provisions of section 344 of the Civil Code of Practice to obtain a new trial in the case between the same parties in which defendants herein were plaintiffs and plaintiffs herein were defendants. The controversy involved the ownership of a tract of land containing about sixty-three acres situated in Pike county, and it was adjudged in the former case to belong to the plaintiffs therein (defendants herein), and that judgment was affirmed in the case of Cooper v. Williamson, 191 Ky. 213, in an opinion delivered on March 11, 1921, to which reference is made for the facts.

The ground relied on in this case for the relief sought is that of newly discovered material evidence on behalf of defendants in the original suit and plaintiffs herein. The action was filed April 9, 1921, a few days before the issual of the mandate from this court. The regular judge of the Pike circuit court, Hon. Roscoe Vanover, was counsel in the case and the Governor designated Hon. Sidney Gaines, judge of the fifteenth circuit court judicial district as special judge to hear and determine this and other cases in the Pike circuit court in which the regular judge was disqualified. Defendants filed a demurrer to

the petition on May 17, 1921, which the court sustained two days thereafter with leave for plaintiff to amend, but later, and on the same day (no amendment having been offered or filed), the petition was dismissed, to which plaintiffs objected and excepted and prayed an appeal to this court.

The special term of the court, presided over by Judge Gaines, was then adjourned, and on the 23rd day of May, 1921, plaintiffs filed with the circuit court clerk a motion to set aside the order sustaining the demurrer and dismissing the petition, upon the grounds that (1), the case did not properly stand for trial at that term of court; (2), the special judge had not been designated by the Governor to try the case, and (3), that plaintiffs desired to amend their petition and had not been given an opportunity to do so after the demurrer was sustained and before it was dismissed. On May 27, 1921, and while the motion filed with the clerk of the court after the adjournment of the special term was still pending, appellees filed the transcript in this court, pursuant to the provisions of section 741 of the Civil Code, and appellants have moved to dismiss the appeal because the judgment appealed from was suspended by the motion and it is, therefore, not a final one from which an appeal lies.

It is a rule of practice, strictly adhered to by this court, that a judgment final in its nature cannot be vacated, set aside or annulled after the adjournment of the term at which it was rendered, except by proceedings under sections 344 and 518 of the Civil Code. Some of the many cases so holding are: Hocker v. Gentry, 3 Metcalfe 463; McManama v. Garnett, idem 517; Algee v. Algee, 168 Ky. 362, and Noe v. Davis, 171 Ky. 482. We can see no reason why the same rule of practice would not apply to final judgments in actions to procure a new trial as to final judgments in other actions. The former are independent equity actions and are practiced and tried as others of a similar nature, and the same rule as to the finality of the judgments in other equity actions should prevail. Under that rule the filing of the motion relied on before the clerk of the court, after the special term of the court was adjourned, can not be given the effect of suspending it, and it did not obstruct the right of defendants and appellees, under the provisions of section 741, *supra,* to file the transcript in this court. If, however, the practice was otherwise and we were permitted to con-

sider the merits of the motion, it then appears that the motion was wholly insufficient to authorize the court to set aside the order sustaining the demurrer to the petition and dismissing it.

The first ground relied on in the motion is wholly untenable, since the issue raised by a demurrer to a pleading is not one which must be made as much as thirty days before it stands for trial, as is contended by attorney for appellants. That requirement of the Code relied on (section 367a-5) relates to issues of fact upon which testimony is required; nor did it operate to the prejudice of plaintiffs for the attorney for the defendants to enter the appearance of his nonsummoned clients by filing the demurrer in their names, as is also insisted on by plaintiffs' counsel.

An examination of the record refutes the second ground relied on, since it appears that the case was regularly set for a hearing at the special term and the special judge was designated by the Governor to try it. The proper place for the recording of such designation is in the Governor's office, a copy of which does not appear in the record, but there is in the record a telegram to the special judge designating him to try the case, but it is only signed "Governor" without the name of that officer. If it were essential to a valid designation that such notification should be duly and regularly sent to the special judge, we would then be inclined to hold that it was substantially done by the telegram referred to.

The third ground is equally without merit because (a), no tendered amendment accompanied the motion, nor (b), does it anywhere appear in the record that the action of the court deprived plaintiffs of the opportunity to amend or offer to amend their petition before it was dismissed, which latter order was after that sustaining the demurrer, as is disclosed by the record. So that, for the reasons stated, the motion was without merit, even if the practice was such as to authorize us to consider it. Besides, it appears that this action has been pending since 1916, and the opportunities have been abundant for all the litigants, by the exercise of even moderate diligence, to prepare and present their case. It is the policy of courts to hasten litigation as much as is consistent with fairness and justice to the parties, to the end that it may be terminated and the parties entitled thereto may reap their benefits therefrom, as well as to prevent an undue

congestion of the dockets of the courts. The carrying out of that policy will, therefore, not be allowed to be obstructed by mere technical errors not possessing substantial matter affecting the material rights of the litigant. The motion to dismiss the appeal is, therefore, overruled.

Coming now to the merits of the case, it is alleged in the petition that plaintiffs since the former trial have discovered that John Goosling, a witness who testified for them on that trial, would modify his testimony given on that trial and would now state, that T. J. Owens, to whom an alleged title bond for the land in question had been given by Henry Smith, the patentee, on the occasion while Owen and the father of the witness, Goosling, through whom plaintiffs claim, while on a trip to Catlettsburg in a flatboat, executed to witness' father his title bond which was in the year 1882, instead of transferring to the father of witness the title bond executed by Smith to Owens in 1850, as appeared in the former case. Evidently, if that testimony was material it cannot be classified as newly discovered evidence for which a new trial will be granted, since a prerequisite to the granting of a new trial for such testimony is that due diligence must be shown and no one will contend that a litigant may rely on any additionally produced testimony of his introduced witness on the former trial as newly discovered evidence within the meaning of the Code. Indeed, we had before us in the case of Dunn v. Commonwealth, 192 Ky. 842, the exact question, and in disallowing the defendant's right to rely on the undeveloped testimony of his own witness as newly discovered evidence for which a new trial would be granted, we said: "But, independently of those reasons, the witness Adams was introduced by the defendant and testified in his behalf at the trial, and the slightest diligence would have discovered his testimony now relied on to obtain a new trial. In 16 Corpus Juris 1187, the text says: 'Generally newly discovered evidence is not deemed to include testimony of a witness who was examined at the trial, or who was present and might have been examined. The rule of due diligence renders such evidence unavailable,' and on page 1193 it is said: 'Denials of motions for new trials on the ground of newly discovered evidence are generally based upon lack of diligence to procure and produce evidence known to defendant prior to the trial; or upon neglect to ascertain what testimony witnesses would have given.' Cases from this court sustaining the rule of practice are: Tyree v. Com-

monwealth, 160 Ky. 706; Clair v. Commonwealth, 154 Ky. 711; Brennon v. Commonwealth, 169 Ky. 815; Wallace v. Commonwealth, 167 Ky. 277; Quinlan v. Commonwealth, 149 Ky. 476, and Home Insurance Co. v. C. N. O. & T. P. Ry. Co., 182 Ky. 778.''

Moreover, the former opinion held that the execution of the alleged title bond by the patentee, Smith, to Owens was not properly established; and even if the alleged newly discovered evidence of the witness, Goosling, in this case could be accepted it only relates to the transmission of the title from Owens to John Goosling, Sr., one of the remote vendors of plaintiffs, which would still leave the question of Owens' title unproven.

The petition also sets out the names of a number of old people living in the vicinity by whom it is alleged plaintiffs can prove that defendants herein (plaintiffs in the former action) were neither by themselves nor agents ever in possession of the land in controversy, or made claim to it. It does not appear why those aged witnesses living in the community were not discovered since 1916, when the original suit was filed, but if diligence were shown their testimony is only cumulative since that question was fully gone into at the first trial. Independently, however, of those questions, the opinion of this court on the former appeal expressly states: ''The property has never been improved by fences or otherwise and neither side has shown title by possession,'' and the case went off entirely on the question as to which set of litigants exhibited the superior paper title, and it was held that upon that issue the testimony sustained the title of plaintiffs therein and defendants in this case. If, therefore, there were no other objections to the testimony of the alleged discovered witnesses, upon the issue of possession, it was irrelevant and immaterial, and for which a new trial will not be ordered.

Since the requisite diligence to obtain the relief sought does not appear, and since the alleged newly discovered testimony, if true, is not of that character which would authorize a new trial, the court properly sustained the demurrer to the petition and properly dismissed it upon failure to amend, and its judgment in doing so is, therefore, affirmed.