## Eastern State Hospital, By, etc. v. Cottle, et al.

(Decided November 16, 1923.)

### Appeal from the Elliott Circuit Court.

1. **Trial—Submission of Equity Case at Term Issues Completed Premature.**—In an equity case, a submission at the same term the issues were completed was premature.

2. **Appeal and Error—Error in Submitting Equity Case at Term Issues Completed Not Waived by Failure to Move to Vacate Judgment.**—Error in submitting an equity case at the same term

the issues were completed was not waived by failure to move to vacate the judgment because thereof before the expiration of the first three days of the succeeding term as provided in Civil Code of Practice, section 519, in view of section 517, where there was resistance made to the trial below and the complaining party objected and excepted to the premature submission.

3. Homestead—Not Lost by Death or Removal of Members of Owner's Family.—A homestead once acquired is not lost by the death or removal of the members of the owner's family whose existence was necessary to its creation.

4. Homestead—Liable for Debts of Owner After Death.—After the death of the owner, a homestead is liable for his debts, subject only to the right of occupancy by his widow and infant children, if any, under Ky. Stats., section 1707.

5. Executors and Administrators—Not Subjected to Payment of State's Claim Against Deceased Owner for Care in Asylum—"Debt."—After the death in a state asylum of the owner who has been committed as a pauper patient, his homestead may not be subjected to the payment of the state's claim at statutory rates for his board, treatment, etc., during his confinement, under Ky. Stats., section 216b-14, not being a "debt" within the meaning of section 1707.

J. P. HOBSON, M. M. REDWINE and ROBERT H. WINN for appellant.

McGUIRE & McGUIRE for appellees.

Opinion of the Court by Judge Clarke—Reversing.

I. N. Cottle was an inmate of the Eastern State Hospital for the Insane from 1879 until his death in June, 1921. After his death, this action was instituted against his heirs to subject a house and lot owned by him in Martinsburg, Kentucky, to the payment of his board, treatment, etc., for the full period of his confinement in the institution.

Defendants filed answer in three paragraphs at the November, 1921, term of the court. At the following March term they amended the second paragraph of the answer, which as amended plead in substance that the house and lot sought to be subjected by the petition to plaintiff's claim was worth less than $1,000.00; that when decedent was committed to the asylum as a pauper patient same was occupied by him and his wife and infant children as a homestead; and that it could not be subjected to the payment of plaintiff's claim even after his death and although his wife was then dead and his children no longer occupied the property.

Upon the same day, plaintiff filed a demurrer to this paragraph of the answer, upon which the court did not rule. Plaintiff thereupon filed a reply to the third paragraph of the answer, and immediately thereafter, over the objection and exception of the plaintiff, the action, although in equity, was submitted and a judgment rendered dismissing the petition, and the plaintiff has appealed.

Being an action in equity, the submission at the same term the issues were completed was premature, as appellees concede, but they claim this was a clerical misprision as defined by section 517 of the Civil Code, and as plaintiff did not move to vacate the judgment because thereof before the expiration of the first three days of the succeeding term, as provided in section 519 of the Civil Code, that error was waived. In support of this position, we are referred to Wingfield v. Cotton, 9 Ky. L. R. 275, 56 S. W. 813; Delker v. Evans, 23 Ky. L. R. 2451, 67 S. W. 837; and Potter v. Potter, 31 Ky. L. R. 137, 101 S. W. 905.

But, as we often have held, these code provisions apply only to cases where, as in each of those just cited, no resistance was made to the trial below, and have no application where, as here, the compaining party objected and excepted to the premature submission. Hedger v. Downs, 2 Met. 160; Mattingly v. Bosley, 2 Met. 444; Smith v. Ferguson, 3 Met. 424.

Hence for this error the judgment must be reversed.

Another question raised below by the demurrer upon which the court did not rule and which is argued here, that we deem it expedient to decide now since its decision may terminate the litigation, is whether or not the second paragraph of the answer pleading homestead presents a defense to the action.

We uniformly have held that a homestead once acquired is not lost by the death or removal of the members of the owner's family necessary to its creation, just as we held upon an attempt by plaintiff to subject this same property to the payment of a part of this same account during decedent's lifetime, and after his wife had died and his children had left the property. Eastern Ky. Asylum v. Cottle, 143 Ky. 719, 137 S. W. 235. Ordinarily, however, after the death of the owner, a homestead is liable for his debts, subject only to the right of occupancy by his widow and infant children, if any. Ky. Stats.,

section 1707; McLean v. Trabue, 142 Ky. 806, 135 S. W. 309.

So the real question presented by this portion of the answer and the demurrer thereto is, whether, after the death of the owner, his homestead may be subjected to the payment of the state's claim, at statutory rates, for his board, treatment, etc., during his confinement in the asylum, in the same manner as it may be subjected to the payment of his ordinary debts.

We considered this precise question in Holburn v. Pfanmiller's Admr., 114 Ky. 831, 71 S. W. 940, and decided the state's claim was not a debt within section 1707 of the statutes, and that as a consequence the homestead could not be subjected to the payment of the claim.

But this conclusion is manifestly a *non sequitur*, since section 216b-14 of the statutes (then section 257) declares that such a claim shall be collectible in an action of this kind out of any estate which the patient may own "which can be subject to debt." The question then was and is, not whether such a claim is a debt against the deceased patient's estate but whether the property owned by the patient is such as, under the law, could be subjected to the payment of his debts.

As section 1707 expressly provides that subject to the rights of occupancy of the widow and infant children, the homestead may be sold "if a sale is necessary to pay the debts of the husband," it necessarily follows, under the plain and unambiguous terms of these two sections of the statutes, that decedent's homestead is liable to the payment of the claim herein asserted in so far as not barred by limitations, and Holburn v. Pfanmiller's Admr., *supra*, in so far as it holds otherwise, is overruled.

Wherefore the judgment is reversed, and the cause remanded for proceedings consistent herewith. The whole court sitting.