### Strader v. Miller et al.

(Decided December 19, 1930.)

WILLIAM BLANTON for appellant.

JOHN J. WILLIAMS and GENE LAIR for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On March 2, 1927, Mrs. Sarah R. Miller brought suit in the Bourbon circuit court against Frank Taylor and Ethel Taylor, his wife, to recover from Frank Taylor damages for an alleged breach of a contract covering the purchase by him of Mrs. Miller's farm and to set aside a conveyance of certain described realty made by Frank Taylor to Ethel Taylor on November 17, 1926, on the ground that such conveyance was voluntary and without consideration and was made by Taylor with the intent to delay, hinder, and defraud his creditors, including Mrs. Miller. Mrs. Miller also made the appellant, W. P. Strader, a party to this suit and sought to set aside a mortgage made by Frank Taylor to Strader on November 17, 1926, and covering certain personalty and realty described in Mrs. Miller's petition. Mrs. Miller's attack on this mortgage was based on the same grounds as her attack on the deed Frank Taylor made to his wife. The Taylors answered denying that the conveyance and mortgage were fraudulent. Strader did likewise, but he also made his answer a cross-petition against the Taylors seeking an enforcement of his mortgage. Mrs. Miller died during the pendency of this litigation, and this action was thereafter prosecuted by her personal representative, one of the appellees in this appeal. On May 17, 1927, the Mansfield and Jefferson Lumber Company, a partnership, filed suit against Frank Taylor, Ethel Taylor, and W. P. Strader in which the lumber company sought a judgment against Frank Taylor for goods, wares, and merchandise sold him and a judgment against the Taylors and Strader setting aside the conveyance and mortgages referred to in the Miller suit and a mortgage of certain other realty which Frank Taylor had made to

W. P. Strader on the same date as the mortgage of the personal property. The grounds for setting aside these mortgages and conveyance were the same as those upon which Mrs. Miller relied for like relief. The Taylors and Strader filed answers in this suit similar to the ones they filed in the Miller suit. On July 2, 1927, the court entered an order consolidating the Miller case with the Lumber Company case, the order providing that the two cases should thereafter "proceed as one case."

The depositions of Frank and Ethel Taylor when first taken were to the effect that the mortgages and conveyance attacked were given for a valuable consideration and were without fraud. Strader likewise so testified. On February 27, 1929, Frank and Ethel Taylor gave another deposition in which they repudiated the testimony they had theretofore given and in which they stated that the mortgages and conveyance attacked were given without consideration and were made with the intent to defraud their creditors. Strader never went upon the stand thereafter, but did take the deposition of one witness in the effort to show that he had paid a valuable consideration for the mortgages made him. It does not appear in this record, but we are informed by Strader's brief, that Strader was thereafter indicted for perjury on account of the evidence which he did give in this case to the effect that the mortgages given him were given for a valuable consideration and that he was convicted and has appealed that case to this court.

The March, 1929, term of the Bourbon circuit court began on March 11th. On March 12th Frank and Ethel Taylor filed an amended answer to the cross-petition of Strader in which they alleged that the mortgages which he was seeking to enforce had been given by them without consideration. They asked that the court annul and cancel them. On March 13th, being the third day of the March term, an amended petition was filed in the Miller case by which it was sought to set aside the mortgage made Frank Taylor to Strader on the realty which Mrs. Miller had not attacked in her original petition but which had been attacked in the lumber company's petition. On the same day the consolidated causes were submitted for judgment. No objection was made or exception reserved by Strader either to the filing of the amended answer of the Taylors, the amended petition in the Miller suit, or the order of submission. On March 15th the court entered a judgment awarding to the lumber company and to Mrs.

Miller the respective money judgments they sought and setting aside the conveyance and mortgages attacked as being fraudulent and void and without consideration and adjudging Mrs. Miller and the lumber company a lien upon the proceeds of the property; it having theretofore been sold under a mortgage given to the Union Central Life Insurance Company not in dispute in this case, and the proceeds less the mortgage debt having been paid into court to abide this litigation. The surplus of the proceeds, if any, was to be paid over to the Taylors. Strader objected and excepted to this judgment, and now brings this appeal from it to this court.

Strader frankly concedes in his brief that there was ample evidence to sustain the court in entering the judgment it did on the record before it, but he insists that the court erred in submitting this case in the absence of the appellant and when he was without counsel, and, if in error as to this, that the case did not stand for trial at this March term of the court. Appellant's statement that he was without counsel and was unrepresented and absent from the court when this case was submitted finds no express support in the record; neither does the statement of appellees' counsel that Strader was represented by counsel who were present and made no objection. Strader's present counsel did not come into this case until after the final judgment had been entered. The record shows that throughout the case Judge Dundon, now dead, was representing Strader. When this case was called on the third day of the term, which is the regular day under the Code for calling the docket of equity cases (Civil Code of Practice, secs. 367a-10 and 360), it was the duty of appellant and his counsel to be present at the calling of this docket to enter such objections and reserve such exceptions as they saw fit to do to such motions and orders as were made when the case was called. The record does not say whether Judge Dundon was present or not when this case was called on the equity docket in the regular course, but, if he was not, there is not a line in the record to explain why he was absent. If he was present, of course appellant is bound by his counsel's failure to object and except. If Judge Dundon was absent, appellant is equally bound by the failure to be present and object when it was his duty to do so, in the absence of some valid explanation of his counsel's absence and that of himself.

Strader's insistence that the case did not stand for trial at this March term of court is equally without merit. His failure to object to the submission of the cause is fatal to his contention, but, beyond this, the issues had been made up the requisite length of time to permit of a submission of the cause at this term even had appellant been present and objected. The filing of the amended petition in the Miller case added no new issue. True it is that by the amended petition it was sought to set aside a mortgage on realty not attacked in the original petition, but this very mortgage had been attacked in the Lumber Company case, and, after the two cases had been consolidated, Mrs. Miller had the right to rely upon the allegations made in the pleadings of the lumber company. In the case of Daugherty et al. v. Bell National Bank et al., 175 Ky. 513, 194 S. W. 545, 546, we said: "This court has frequently held that, when cases are consolidated, a defect in the pleadings of any one of the consolidated cases may be cured and supplied by necessary allegations that are contained in any of the pleadings in the other consolidated cause. Thompson's Adm'r v. Bailey's Adm'r, 1 Ky. Law Rep. 321; Von Cotzhausen v. Barker, 154 Ky. 624, 157 S. W. 1093."

So far as Strader's contention that the court erred in awarding the Taylors any relief as to him in the absence of a summons on their amended answer in which they sought to avoid the mortgages given him is concerned, there is no merit in it. Strader had by cross-petition against the Taylors sought to enforce his mortgages, and their amended answer, pleading that the mortgages had been given without consideration, was plainly defensive in its nature and needed no summons to support a judgment upon the matters therein set up

The judgment of the trial court being in accord with these views it is affirmed.

Whole court sitting.