## Jackson v. Jackson.

March 21, 1944.

86

M. C. Redwine for appellant.

No appearance for appellee.

OPINION OF THE COURT BY JUDGE REES—Dismissing Appeal.

Appellant seeks to raise a question of practice under KRS 23.150, which reads:

"The judge of each circuit court, other than those of continuous session, may make or direct in vacation or term time at his chambers, at the circuit clerk's office or at any other place in any county in the district, any order, rule, judgment or decree in any proceeding, whether at law or in equity or on the criminal docket,

upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court.''

W. L. Jackson filed a suit for divorce against Hannah Jackson in the Clark circuit court. The petition was filed November 24, 1943, and summons was served on the defendant November 27, 1943, in Laurel county. The December term of the Clark circuit court convened December 6, 1943. On December 27, 1943, notice was served on the defendant in Laurel county that the plaintiff would move the court on December 30, between the hours of 9 a. m. and 4 p. m., to try the case on oral proof in the circuit courtroom at Winchester, Kentucky, and if the court did not try it on oral proof the plaintiff would take depositions on said day, same to be used in the trial of the cause, which would be submitted later to the court. The court refused to hear oral proof on December 30, and the plaintiff took depositions. On the same day he filed the following motion: ''Comes the plaintiff and moves the Court to try this case; to submit it and hear it on the merits.'' The court overruled the motion on the ground that the case did not stand for trial. The plaintiff excepted, and prayed an appeal which was granted.

It is his contention that on December 30, 1943, he was entitled to have the case submitted and a judgment rendered since more than 30 days had elapsed after the filing of the suit and the defendant had failed to answer or to take any affirmative action in the case. Apparently he is of the opinion that KRS 23.150 (Carroll's Kentucky Statutes, section 964b-1), referred to in brief as the New Practice Act, supersedes the Old Practice Act of 1902, appearing in the Civil Code of Practice as section 367a-1 et seq. Section 367a-2 of the Civil Code of Practice provides that every summons shall command the officer to whom it is directed to summons the party against whom it is issued to answer in ten days after the service of the summons if directed to the county where issued, and in twenty days after the service of the summons if directed to any other county. Section 367a-5, provides: ''Suits in equity shall stand for trial at the first term of court after the issue shall be completed or, by the provisions of this act, shall have been completed, thirty days before the commencement of the term.'' Section 367a-10 provides that the clerk shall docket all suits in equity for the first term of court which does not com-

mence less than ten days after the same is filed. In Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396, 397, this court said:

"Section 964b-1 authorizes circuit courts, not of continuous session, to make or enter any order, rule, judgment, or decree in any proceeding at law or in equity upon reasonable notice to the parties, except where a trial by jury is called for or ordered by the court. It neither abrogates, alters, changes, modifies, nor supplants sections 367a-1 to 367a-11, inclusive, of the Civil Code of Practice, nor any other section thereof, or any section of the statutes, controlling a circuit court in regular term, or special term under section 971-13. The rules of practice and procedure prescribed by these sections of the Code must be adhered to and followed by the parties and the court when proceeding under section 964b-1."

And further:

"The court or judge sitting in any case as authorized under section 964b-1 is without authority to make or enforce any rule of practice or procedure that nullifies or conflicts with the Civil Code of Practice or section 378 of the Statutes."

It is true the court also said in that case:

"If it is an action in equity, and the issue has been completed, or should have been completed, 30 days under the provisions of the Code, before the sitting of the court or judge thereof in vacation, it stands for trial, where notice has been served, at the convenience of the regular judge of the court. The parties by agreement or acquiescence, or by failing to make timely objections, may waive these Code provisions."

The court was speaking of a case which stood for trial pursuant to the provisions of the Practice Act set forth in the Civil Code of Practice. Section 23.150 of the Kentucky Revised Statutes was intended to be supplementary to the Code provisions, and, as said by appellant in his brief, "to speed up the disposition of cases on the dockets of the courts." A case may not be docketed, however, unless the provisions of the Code have been complied with.

In the instant case the defendant was summoned out of the county less than ten days before the commencement of the December term of the Clark circuit

court, and she had a right to assume that no judgment would be entered since, under the Code, the case did not stand for trial until the succeeding term of court. This does not mean that the Code provisions may not be waived, but here the case had not been placed on the docket pursuant to these provisions. Mere silence or inaction on the part of the defendant will not constitute waiver by acquiescence. There must be some affirmative act.

Appellant also cites Clark County National Bank v. Rowan County Board of Education, 262 Ky. 153, 89 S. W. (2d) 638, 639, and, in support of his contention that the present case stood for trial, quotes this from the opinion: ''Under the view that the sitting of the court is equivalent to a special term, all procedural difficulties disappear, and the beneficent effect in expediting and determining causes, which it was the purpose of the act to do, is enjoyed.'' The question involved was whether a judgment entered in vacation pursuant to the provisions of section 964b-1, Kentucky Statutes Supp. 1933, could be vacated during the subsequent regular term. It was held that the judgment was final and could not be vacated at the subsequent regular term. The opinion discloses, however, that the case in which the judgment was rendered in vacation had been submitted by agreement and tried on its merits; thus the procedure was in conformity with the Practice Act of the Civil Code as supplemented by the Act of 1930, formerly KS 964b-1 now KRS 23.150. The case does not support appellant's contention. Where a case has been docketed and is triable pursuant to section 367a-9 or section 367a-10 of the Civil Code of Practice, the procedure authorized by KRS 23.150 may be followed and failure of the defendant to respond to the notice provided for therein will warrant the entry of appropriate orders. Section 367a-5 of the Civil Code of Practice applies to equity actions, but if the defendant fails to file an answer or other pleading or does not desire to produce proof, the case may be submitted for judgment at a time which would otherwise be premature, provided that the requirements of section 367a-10 have been met. Horton v. Horton, 263 Ky. 413, 92 S. W. (2d) 373; Bond v. Dean, 223 Ky. 713, 4 S. W. (2d) 721.

We would have to affirm the judgment if the question had been properly presented, but the act of the court in overruling the plaintiff's motion to submit the case is

not final in its nature. The appeal is from a mere interlocutory order. The appeal is therefore dismissed.