## Dyer v. Dyer.

Oct. 12, 1945.

560

M. C. Redwine for appellant.

No appearance for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal presents primarily a question of practice of a suit in equity in courts not having continuous sessions.

A suit for divorce was filed by William Dyer against Naomi Dyer on August 20, 1945. She was served with summons on the 24th and on that day filed the following stipulation:

"This is to state that all property rights between us have been settled. I enter my appearance to this action for divorce and agree that the case may be docketed and tried without delay and waive all notices of every kind, of all steps, taken in the case. I request the Veterans Administration to stop the allotment to me as the wife of William F. Dyer as of August, 1945."

A regular term of the court began September 10th, and on that day the filing of the above stipulation was noted of record. The case was assigned for trial on the ninth day of the term and the plaintiff introduced evidence before the court proving that he and the defendant had married while he was home on furlough from the Army in the summer of 1944; he left about August 1st and was soon sent to the European area and had not returned; the defendant had been guilty of certain lewd and lascivious conduct and had given birth to a child September 8, 1945, thirteen months after the separation. The defendant did not contest the suit or claim alimony. In the latter part of the term the court denied the plaintiff

a divorce and dismissed his petition. This was upon the ground that the case did not stand for trial.

The court was of opinion that as the petition had not been filed thirty days before the commencement of the term his ruling was required by our construction of the Code of Practice in Riley v. Riley, 233 Ky. 134, 25 S. W. 2d 59. The appellant and amici curiæ insist that the court was in error according to Jackson v. Jackson, 297 Ky. 85, 179 S. W. 2d 197. The condition in neither case was the same as here. In the Riley case the defendant had filed an answer and counterclaim for alimony during the term. A judgment was entered awarding the plaintiff a divorce and denying the wife alimony a few days later without notice to the defendant and without any evidence upon the issues which she had raised. The plaintiff died within a short time and the defendant seasonably moved to set aside the judgment. Among other defects we pointed out that the case had been prematurely submitted. In the case at bar the defendant had expressly agreed the case should be tried without delay and had waived notice of any step that might be taken. In the Jackson case the petition was filed within less than ten days of the commencement of a regular term of court and the plaintiff had sought to have it tried after the term closed under the provisions of KRS 23.150, which authorizes the entry of orders and judgments out of term time upon reasonable notice. We construed the provisions of the Code of Practice in connection with that statute. It is not involved in the case at bar, but some of the basic conclusions with respect to the Code provisions are pertinent here.

In the practice of a suit in equity, the answer or other responsive pleading is due to be filed on the first Rule Day if the summons has been served ten days in the county where the case is pending, or twenty days in any other county. Section 367a-3, Civil Code of Practice. But if a regular term of the court begins before that Rule Day, the answer or other plea is due on the third day of the term. Section 367a-11, Civil Code of Practice. If no defense shall have been made on that day of the term, a default judgment may be rendered. Section 367a-10. Civil Code of Practice, Sections 364 and 367a-5 relate to a case where an issue has been made and evidence is required. If a responsive pleading by the de-

fendant which merely traverses the allegations of the petition shall have been filed or should have been filed on or before the Rule Day or the third day of the term, as the situation might be, then the case will not stand for trial until thirty days shall have elapsed. (We may observe parenthetically that the word "shall" in Section 367a-5 is doubtless an inadvertence and that the phrase ought to read "should have been completed.") If the defendant's pleading contains an affirmative allegation which requires a traverse or response of some other character requiring evidence, then the time from which the thirty day period is to be counted is extended until the issues shall have been or should have been completed. In this situation, i.e., where there is an issue of fact, there can be no trial or judgment until after thirty days have elapsed. Howard v. Maxwell's Ex'r, Ky. 98 S. W. 1013; Jones v. Hazard Dean Coal Company, 169 Ky. 588, 184 S. W. 1131; Mayfield Water & Light Co. v. Graves County Banking & Trust Co., 170 Ky. 56, 185 S. W. 485; Eastern State Hospital v. Cottle, 201 Ky. 377, 256 S. W. 1101; Wakenva Coal Company v. Johnson, 234 Ky. 558, 28 S. W. 2d 737; Culton v. Napier, 242 Ky. 683, 47 S. W. 2d 519; Walters v. Godsey, 246 Ky. 16, 54 S. W. 2d 387; Ison v. Ison, 272 Ky. 836, 115 S. W. 2d 330; Wright v. Owens, 275 Ky. 692, 122 S. W. 2d 498. It is otherwise if there is no issue of fact raised, or if the plaintiff consents that the statements of the answer may be taken as true, or if he does not desire to produce proof. Section 366, Civil Code of Practice; Hazelwood v. Webster, Ky. 78 S. W. 123; Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168; Cooper v. Williamson, 198 Ky. 62, 248 S. W. 245; Stephens v. Epperson, 283 Ky. 31, 140 S. W. 2d 656; Jackson v. Jackson, 297 Ky. 85, 179 S. W. 2d 197. It is otherwise also where the answer contains immaterial contradictions or states facts which demonstrate there is no legal defense. Taylor v. Harris' Adm'r, 164 Ky. 654, 176 S. W. 168; Robinson v. Robinson, 166 Ky. 485, 179 S. W. 436; Horning v. Fiscal Court of Caldwell County, 187 Ky. 87, 218 S. W. 989; Mulligan v. Phelps Construction Company, 261 Ky. 457, 88 S. W. 2d 23.

The foregoing relates to the usual cases. There is some difference in suits for divorce. In such a suit the statutes which declare that the statements of the petition shall not be taken as true, Section 422, Civil Code of Practice, and that no petition for divorce shall be taken

for confessed or be sustained by the admission of the defendant alone, KRS 403.030, effectually and immediately traverse the allegations of the petition. But such statutory traverse does not carry with it the expectancy that the defendant will have any evidence to offer; indeed, it gives the defendant no right to do so. It merely bars a judgment for the plaintiff until he has proved his case.

In the case at bar, the so-called stipulation filed by the defendant was but an answer, and it had been filed before the third day of the term of court. It raised no issue of fact. Its sole purpose was to waive every right she had. We have held many times that any or all of the provisions of the Code of Practice with which we are dealing (except those which bar the granting of a divorce without proof) may be waived by a party entitled to their benefit, expressly or by imputation, as by agreement or acquiescence or failure to make timely objection. Bastin v. Givens' Adm'x, 170 Ky. 201, 185 S. W. 835; Bond v. Dean, 223 Ky. 713, 4 S. W. 2d 721; Strader v. Miller, 236 Ky. 637, 33 S. W. 2d 668; Estes v. Woodford, 246 Ky. 485, 55 S. W. 2d 396; Horton v. Horton, 263 Ky. 413, 92 S. W. 2d 373; Butcher v. Butcher, 296 Ky. 740, 178 S. W. 2d 616; Jackson v. Jackson, 297 Ky. 85, 179 S. W. 2d 197.

The clerk had properly docketed this case for the September term of court as the petition had been filed more than ten days before it commenced. The purpose of the provision of Section 367a-5 of the Civil Code of Practice requiring that thirty days shall expire before the commencement of the term is to afford time and opportunity for the taking of evidence, which is ordinarily by depositions. Horning v. Fiscal Court of Caldwell County, supra. The defendant in her answer merely agreed that the case might be tried without delay and waived notice of any step that might be taken. This was an express waiver of the provisions of Section 367a-5 requiring time for proof. The situation is the same in principle as in Bond v. Dean, 223 Ky. 713, 4 S. W. 2d 721, 723, where a guardian ad litem had filed a report for an infant that he was unable to make a defense. We held: "In effect, this was a statement to the court that he could produce no proof contrary to the allegations of the plaintiff's petition. There was no need then to further postpone the trial of the action, and hence it was not error for the court to submit it for

judgment and to decide it at that term." In this case the plaintiff had submitted his evidence, thus meeting the issues which the law forms in a divorce action. The defendant had effectually reported she would have none to offer.

Therefore we think the trial court was in error in refusing to render judgment because the petition had not been filed thirty days before the commencement of the term of court.

On the merits of the case, it is readily apparent that the plaintiff is entitled to a divorce. The judgment is reversed with directions to enter another accordingly.