## Conyers v. Conyers.

November 18, 1949.

J. A. Edge for appellant.

Appellee not represented by counsel.

CHIEF JUSTICE SIMS—Reversing.

James W. Conyers prosecutes this appeal from a judgment of the Fayette Circuit Court denying him a divorce in an uncontested action. Both the commissioner and the chancellor were of the opinion that this is a collusive suit, and on the authority of Denehie v.

Denehie, 306 Ky. 787, 209 S. W. 2d 309, the chancellor in a written opinion followed the recommendation of his commissioner and dismissed the petition.

Conyers while a member of the armed forces married Mable Withers in May 1943, and lived with her until August of that year, at which time he was ordered overseas. He was a resident of Lexington, Kentucky, and they were married there. Soon after her husband went abroad the wife left Lexington and went to Dayton, Ohio, where she entered into illicit relations with Hutchinson Williams. She and Williams openly lived together as man and wife and she had a child by him which was born more than two years after her husband sailed for Europe.

While he was abroad in the defense of his country, Mrs. Conyers wrote her husband she had an illegitimate child and wanted a divorce so she could marry its father and give her child his name. She also wrote her husband's mother to the some effect, adding that she was again pregnant and was expecting a second child. Appellant answered his wife's letter and told her he had no objections to her getting a divorce. However, she had no grounds upon which to obtain a divorce and no suit was instituted until her husband returned to this country and brought the present action in February 1947, charging the wife with abandonment and living in adultery with Williams.

It seems that Mrs. Conyers had returned to Kentucky, and on Feb. 17, 1947, a summons was issued against her to Fayette County. On March 10, 1947, this summons was returned "not found." Subsequently a summons was issued against her to Clark County which was not returned. Mrs. Conyers was reported to be living in an inaccessible country community near the line between Montgomery and Clark Counties where the roads were practically impassable in the spring of the year. An answer was mailed to her there which she signed and verified before a notary public. This pleading merely entered her appearance, stated she desired to make no defense and asked that the prayer of the petition be granted.

From the opinion of the chancellor it appears he reached the conclusion that this suit was collusive be-

cause the husband in replying to the wife's letter said he had no objection to her obtaining a divorce, and because she later entered her appearance to his suit and asked that the prayer of the petition be granted. As he and his commissioner construed the Denehie opinion, 306 Ky. 787, 209 S. W. 2d 309, this conduct of the parties amounted to collusion. It is manifest they misconstrued the Denehie opinion. There, the majority opinion found the parties had colluded, not so much from the fact that the defendant filed an answer entering his appearance and waiving notice to take depositions, but from the character of the proof.

Certainly, there was no collusion upon the part of this soldier husband in writing his wife, who had given birth to a bastard child while he was abroad in the armed service, that he had no objection to her obtaining a divorce. It occurs to us that but few men would resist a divorce proceeding in such circumstances. Most men would act as did appellant in this instance and institute a divorce action as soon as he returned home.

Nor was there collusion on the part of the wife in entering her appearance to her husband's suit and asking that the prayer to the petition be granted. 27 C. J. S., Divorce, sec. 65, p. 620; Dyer v. Dyer, 300 Ky. 559, 189 S. W. 2d 842. This unfortunate woman, who so unwisely but fervently attached herself to another man during her husband's absence in the army and bore two illegitimate children, knew she had no defense to her husband's suit. Evidently, she thought there would be less undesirable publicity attracted to her deplorable situation by entering her appearance and not attempting to defend the case. True, by asking in her pleading that the prayer to the petition be granted she overstepped the bounds of legal propriety and gave her answer the appearance of being collusive. But we regard this as showing frankness upon her part rather than as being collusive.

Webster's New International Dictionary defines "collusion" as "an agreement between two or more persons to defraud a person of his rights by the forms of law, or to obtain an object forbidden by law." Practically the same definition appears in 15 C. J. S. p. 233. Collusion is not necessarily established by a mutual de-

sire of the parties to be divorced, nor does the voluntary entry of appearance amount to collusion. 27 C. J. S., Divorce, sec. 65, p. 620.

The judgment is reversed with directions that one be entered granting appellant an absolute divorce.