## Mitchell v. Mitchell.

May 9, 1950.

Chester D. Adams, Judge.

J. A. Edge for appellant.

No counsel of record for appellee.

CHIEF JUSTICE SIMS—Reversing.

Alberta Mitchell prosecutes this appeal from the judgment of the Fayette Circuit Court denying her a divorce in an uncontested action. Both the commissioner and the chancellor were of the opinion that this is a collusive suit and on the authority of Denehie v. Denehie, 306 Ky. 787, 209 S. W. 2d 309, the chancellor followed the recommendation of his commissioner and dismissed the petition.

It was averred in the petition filed on June 27, 1947, that the parties were married in Fayette County, Kentucky, on Aug. 15, 1932, and lived together in Lexington until the summer of 1936, at which time they separated and since have lived separate and apart without cohabi-

tation. The wife asked custody of their only child, Donald Mitchell, 13 years of age, and that the husband, who earns $100 per month, should be compelled to contribute to the boy's support. A summons was issued and duly served on the husband, who on June 30, 1947, filed this answer:

"Now comes the defendant, Wallace Mitchell, and states that he has examined the petition in this case that he does not desire to make defense thereto. That the allegations of the petition are true.

"The defendant consents to the submission of this case for judgment at the earliest time within which it can be submitted.

"Wherefore this defendant joins in the prayer of the said petition.

"(Signed)   Wallace   Mitchell
Defendant."

Notice was served upon the husband that plaintiff would take depositions before Hon. R. J. Colbert, Master Commissioner of the Fayette Circuit Court, on July 10, 1947, at 2 P. M., in his office on the third floor of the Fayette County Court House in Lexington. This same notice was also served upon Anthony Thompson, Friend of the Court. The husband did not attend the taking but Mr. Thompson was present and cross-examined the wife. The proof duly established the residence of the parties in this State, their marriage, the birth of the child, their separation in 1936, and that the parties have lived separate and apart without cohabitation for more than the last five consecutive years. Also, that the mother needs a contribution of $8 per month from the father to assist her in rearing and educating their son.

It is evident the commissioner and the chancellor misconstrued the opinion in Denehie v. Denehie, 306 Ky. 787, 209 S. W. 2d 309, in reaching the conclusion that there was collusion in the instant action. This case is much like the Conyers v. Conyers, 311 Ky. 468, 224 S. W. 2d 688, where we held the fact that a party filed answer entering appearance and asking that the prayer of the petition be granted did not constitute collusion. We can see no reason to repeat here what was written in the Conyers opinion where the term "collusion" was defined and where we said that the entry of appearance ex-

pressing a mutual desire for divorce does not amount to collusion.

For the reasons fully stated in the Conyers opinion, 311 Ky. 468, 224 S. W. 2d 688 the judgment is reversed with directions that one be entered granting appellant an absolute divorce, giving her the custody of the child and making her a reasonable allowance for the boy's support, with the right of reasonable visitation given to the father.

The judgment is reversed.