## Farris, et al. v. Matthews.

(Decided September 25, 1912.)

Appeal from Knox Circuit Court.

1. Judgment—Entry of on Order Book—Signing by Judge—Necessity For.—It is essential to the validity of a judgment that it should be entered on the order book and signed by a judge.

2. Attachment—Forthcoming Bond—Section 214, Civil Code—Judgment Sustaining Attachment—Necessity For.—A judgment sustaining the attachment is a condition precedent to the right to maintain an action on a forthcoming bond, executed pursuant to Section 214, Civil Code.

3. Forthcoming Bond—Action On—Absence of Judgment Sustaining Attachment—Dismissal—Bar.—An order dismissing an action on a forthcoming bond based on a judgment sustaining the attachment, but not signed by a judge, will be treated as an order dismissing without prejudice, and will not bar another action on the judgment when properly signed.

JAMES M. GILBERT, E. F. BAKER for appellants.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

J. D. Farris and I. W. Blair brought an action in the Knox Circuit Court against the Interstate Petroleum Company and others to recover on a promissory note in the sum of $500. An attachment was prayed for, issued and levied on certain property belonging to the defendants. A forthcoming bond was executed by the defendants, with John G. Matthews as surety, to the

effect that the obligors were bound in double the value
of the property, that the defendant should perform the
judgment of the court in the action, or that the property
or its value should be forthcoming and subject to the
order of the court.

This action was brought by plaintiffs, J. D. Farris
and I. W. Blair, against defendant, John G. Matthews,
to recover on the bond. The petition and amended pe-
tition set forth the former action, the character thereof,
the fact that defendants were properly before the court,
and that an attachment issued and was levied on cer-
tain described property, and the further fact that judg-
ment for the amount sued for and sustaining the attach-
ment was obtained, which judgment was recorded in the
office of the Knox Circuit Clerk in Order Book F, page
596. A copy of the judgment, though not certified to or
attested, was filed with the petition. The defendant,
Matthews, filed an answer, in the first  paragraph of
which he denied in terms each of the allegations of the
petition and amended petition, including the allegation
that a judgment had been rendered in favor of plain-
tiffs, sustaining the attachment and adjudging a recov-
ery of the amount sued for. The second paragraph of
his answer contains the following allegation:

"The defendant,  John G. Matthews,  for further
answer and defense, states that there is a judgment of
this court of record, Order Book F, page 596, entered
by the then Circuit Judge, Hon. H. C. Faulkner, on Jan-
uary 5, 1907, copy of which is filed herewith and marked
'Exhibit A' for identification, which judgment requires
that the master commissioner take charge of, sell and
subject to the satisfaction of the claims of the plaintiffs,
the property taken under the attachment and sued out
by them at the time of the institution of their suit, to-
wit: on January 5, 1905."

The answer then goes on to allege that said property
was then and had since been in the jurisdiction and
control of the officers of the court, but that by  delay
and lack of care and protection, and lapse of time, with-
out any fault or act on the part of the defendant Mat-
thews, the property had depreciated in value, and had
been wasted and carried away, etc.

On a trial, the clerk of the Knox Circuit Court intro-
duced in evidence the order book containing the alleged
judgment. It developed that the orders for the day

containing the judgment in question were not signed by the presiding judge or any judge, and that the adjourning order of the day, "Court then adjourned until court in course," was not signed. At the conclusion of the plaintiffs' evidence, defendant asked a peremptory instruction on the ground that as the judgment in question was not signed by any judge, it was void, and there being no judgment sustaining the attachment, the action on the forthcoming bond could not be maintained. Thereupon, plaintiffs entered a motion asking that the trial court himself sign the judgment, or pass the case until the 12th day of the term for the purpose of having the judgment signed by H. C. Faulkner, the presiding judge, when the judgment was rendered. This motion was overruled. The court then sustained the motion for a peremptory, and the jury returned a verdict in favor of the defendant. Judgment was rendered dismissing the plaintiffs' petition as amended, and from that judgment they appeal.

It is well settled that it is essential to the validity of a judgment that it shall be entered upon the order book of the court, and signed by a judge, and that an unsigned judgment is no judgment at all. Commonwealth v. Chambers, 1 J. J. Marsh., 108; Raymond, &c. v. Smith, 1. Met., 65; Johnson v. Commonwealth, 80 Ky., 377; Ewell, &c. v. Jackson, &c., 129 Ky., 214. It is also well settled that an action on a forthcoming bond, executed pursuant to section 214, Civil Code, cannot be maintained in the absence of a judgment sustaining the attachment. Edwards-Barnard Co. v. Pflanz, 115 Ky., 393; 4 Cyc., 690. But it is insisted that the allegation in the second paragraph of appellee's answer to the effect that there was a judgment of the court of record in Order Book F, page 596, which directed that the master commissioner take charge of and subject to the satisfaction of the claims of plaintiffs the property taken under the attachment, constituted an admission of the existence of the judgment sustaining the attachment, and therefore dispensed with the necessity of proof thereof, and estopped appellee from claiming that the judgment was not signed and therefore void. In view of the fact, however, that the first paragraph of appellee's answer denied that the judgment sustaining the attachment had been rendered, and as the judgment sued on does not direct that the master commissioner

take charge of the attached property, we cannot say, in the absence of a copy of the judgment referred to by appellee, that it is the same judgment set out in the petition and amended petition of appellants. That being true, appellee was not estopped from claiming that the judgment relied on by appellants was void.

But it is claimed that the trial court erred to the prejudice of appellants by not signing the judgment himself, or postponing the case in order to give the judge who presided when the judgment was rendered an opportunity to sign the orders including the judgment. Inasmuch, however, as the action was brought without a judgment sustaining the attachment, and such a judgment was a condition precedent to the right to maintain the action, the presiding judge could not then, by any act of his, give vitality to the suit which had been prematurely brought; and the suit being prematurely brought, it was proper that it be dismissed.

Section 977, Kentucky Statutes, provides as follows:

"Upon the death of a circuit judge, or when from any cause the office is vacant, or when the judge is absent, his successor, no matter how chosen, may sign any orders of court left unsigned by his predecessor, the same as his predecessor might have done."

This statute was enacted for the purpose of enabling a judge's successor, no matter how chosen, to sign orders which the presiding judge may for any reason have failed to sign. The statute should be liberally construed to carry out the purpose of the Legislature. There can be no doubt that it applies to a case like this. Whether Judge Faulkner, the presiding judge, failed to sign the orders because he was absent, or merely forgot to do so, his successor in office may now sign the orders, and it is his duty to do so.

In view of the fact that the action was dismissed because it was brought in the absence of a judgment sustaining the attachment, the action was prematurely brought, and the order below dismissing the action will be treated as an order dismissing without prejudice, and will not, therefore, bar another action on the bond, when the orders on the order book shall have been signed by the present judge.

Judgment affirmed.