## Gahren, Dodge & Maltby v. Farmers Bank of Estill County.

(Decided January 8, 1914).

### Appeal from Lee Circuit Court.

1. New Trial—Grounds—Violation of Agreement by Attorney—Tender of Answer—Verification—Necessity.—Where defendant asks for a new trial on the ground that it was prevented from making proper defense by the violation of an agreement made with plaintiff's attorney, it is necessary to tender a good and sufficient answer, verified according to law. Where the answer is not verified, it is not error to refuse a new trial.

2. Pleading—Petition—Sufficiency.—A petition which alleges in substance that on October 27, 1912, at the special instance and

request of both the defendants, plaintiff loaned to them the sum of $5,000, which amount they each both jointly and severally agreed to pay plaintiff one day after date with six per cent interest from date until paid, that said debt was just and no part thereof had been paid, though payment thereof had been frequently demanded, states a cause of action.

3. Pleading—Answer—Sufficiency.—Where the petition alleges that on October 22, 1912, at the special instance and request of both the defendants, plaintiff loaned to them the sum of $5,000, which amount they each both jointly and severally agreed to pay plaintiff one day after date, an answer by one of the defendants denying "that on the 22nd day of October, 1912, at its special instance and request, plaintiff loaned to defendant the sum of $5,000, which amount both jointly and severally agreed to pay plaintiff one day after date" is not sufficient.

4. Pleading—Answer—Sufficiency.—Where plaintiff sues to recover the sum of $5,000, which sum it alleges it loaned to both defendants, and which they both jointly and severally agreed to pay plaintiff, a plea of no consideration by one of the defendants is not available where its answer is so framed as to admit the loan and the promise to pay, and consequently the consideration itself.

V. S. BEATTY and T. B. BLAKEY for appellant.

SAM HURST and J. F. SUTTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Farmers Bank of Estill County, brought this action against the defendants, Gahren, Dodge & Maltby, and the Citizens Trust & Guaranty Company of Parkersburg, West Virginia, to recover the sum of $5,000 with interest from October 22, 1912, until paid. It alleged in substance that on October 22, 1912, at the special instance and request of both of the defendants, plaintiff loaned to them the sum of $5,000, which amount they each, and both jointly and severally, agreed to pay plaintiff one day after date, with six per cent interest from date until paid; that said debt was just, and no part thereof had ever been paid, though payment thereof had been frequently demanded. The petition was filed on April 24, 1913. On June 6, 1913, the Citizens Trust & Guaranty Company filed an answer which it is not necessary to consider.

On July 17, plaintiff moved the court to take the allegations of the petition as true against the defendant, Gahren, Dodge & Maltby, and to render judgment against

it according to the prayer of the petition. Thereupon the defendant, Gahren, Dodge & Maltby tendered and offered to file the following separate answer:

"The defendant, Gahren, Dodge & Maltby, denies that on the 22nd day of October, 1912, at its special instance and request, plaintiff loaned to the defendant the sum of Five Thousand Dollars ($5,000.00), which amount both jointly and severally agreed to pay plaintiff one day after date with six per cent interest from date until paid; denies that said indebtedness is just and due against this defendant and that no part thereon has ever been paid and having for answer the defendant, Gahren, Dodge & Maltby, asks to be dismissed hence with this cost. Defendant states that said note or debt sued on was without consideration and this defendant received nothing therefor."

The foregoing answer was verified by T. B. Blakey, one of defendant's attorneys, who stated that none of the defendant's chief officers were present in Lee county at that time. The trial court permitted the foregoing answer to be filed. Thereupon plaintiff interposed a demurrer to the answer, which was sustained. On being asked by the court if it desired to amend its answer or to file any further pleadings defendant declined to do either, but elected to stand on its answer. Thereupon came plaintiff and renewed its motion to take the allegations of the petition as true. This motion was sustained, and judgment was entered in favor of plaintiff for its debt, interest and costs. Defendant appeals.

Among the grounds urged for a new trial and for a reversal of the judgment here is the violation of the agreement alleged to have been made by plaintiff's attorney with J. W. Butler, vice president of the defendant. According to the affidavits filed by Butler and V. S. Beatty, one of defendant's attorneys, plaintiff's attorney agreed that if defendant would file no answer or other defensive pleading in the case, he would not take any judgment against the defendant without first notifying said Butler. Notwithstanding this agreement, plaintiff's attorney, on July 16th, asked for a judgment against the defendant without any notice whatever to said Butler. At that time said Butler and one of his attorneys, V. S. Beatty, were absent from the City of Beattyville on other business.

In view of the fact that Butler left Beattyville, and thereby made it impossible for plaintiff's attorney to

notify him of any contemplated action in the pending suit, and in view of the further fact that one of defendant's attorneys was present in court when judgment was asked, and not only filed an answer to which a demurrer was sustained, but elected to stand on that answer and declined to plead further, it may be doubted if the violation of the alleged agreement constituted a ground for a new trial. But conceding that it did, it was incumbent upon defendant, in order to avail himself of such ground, to show that it had a good defense to the action. To this end it was its duty to present a good and sufficient answer, verified according to law. The answer which it tendered, while sufficient in other respects, was not verified. That being true, the trial court did not err in refusing a new trial on the ground mentioned.

But defendant insists that it is entitled to a reversal because plaintiff's petition is not sufficient. It appears from the petition that on October 22, 1912, at the special instance and request of both the defendants, plaintiff loaned to them the sum of $5,000, which amount they each both jointly and severally agreed to pay plaintiff one day after date, with six per cent interest thereon from date until paid; that payment thereof had been frequently demanded, but no part thereof had ever been paid. There can be no doubt that the petition states a cause of action.

But it is insisted that the original answer filed by the defendant presented a good defense. It is unnecessary to cite authority to show that this is not the case. A denial that on the 22nd day of October, 1912, plaintiff loaned to defendant the sum of $5,000 is an admission that on some other day plaintiff loaned to defendant that sum. A denial that plaintiff loaned to defendant the sum of $5,000, without the addition of the words "or any other sum," is, of course, not good, for it is an admission that plaintiff loaned to defendant a sum slightly less than $5,000. For the same reason, the denial of the following allegation of the petition: "which amount they each both jointly and severally agreed to pay plaintiff" in the following language: "which amount both jointly and severally agreed to pay plaintiff," is an admission that either jointly or severally it agreed to pay plaintiff said amount. Nor does the addition of the words "defendant states that said note or debt sued on was without consideration, and this defendant received nothing therefor," in view of the admissions contained in the first part

of the pleading, present a defense. Having admitted the loan and the agreement to pay, the consideration was likewise admitted, and the plea of no consideration was not available.

Judgment affirmed.