## Brown v. Carter.

### (Decided March 23, 1923.)

### Appeal from Jackson Circuit Court.

Pleading—Denial of Reply Held Insufficient.—In vendor's action in the nature of one for specific performance, where defendant pleaded an outstanding lien for $135.00 and interest, and a defect of title in that the land was formerly owned by one W., who died intestate leaving nine heirs, only four of whom had conveyed their interest, leaving the other five still owning their respective shares and that therefore plaintiff was the owner of only a four-ninths undivided interest, a denial, in the reply, of the outstanding lien, negativing only the fact that it was "owing (to) one S. F. his heirs or assigns," or that it amounted "to the sum of $135.00 with interest for a number of years," and, as to the alleged defect in title, denying "that said W. died intestate leaving surviving him nine children or heirs at law, who immediately became the owners of all of said boundary of land, and denies that only four of said children have ever executed any conveyances or been divested in any of their title to said boundary of land, or that the plaintiff at the time he purported or attempted to sell said boundary of land to this defendant, or at all times since, was invested with an undivided four-ninths of the title thereto, and no more," held insufficient.

A. T. W. MANNING for appellant.

A. W. BAKER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The petition in this action, which was filed by appellee and plaintiff below, J. A. Carter, against the appellant and defendant below, T. H. Brown, avers that the parties on the 19th day of February, 1919, entered into a written contract whereby plaintiff sold to defendant a described tract of land in Jackson county containing about 65 acres for the consideration of $700.00; that $200.00 was paid to plaintiff at the time and a note executed to him by the defendant for the deferred $500.00 due and payable on February 19, 1920, with six per cent interest from date, at which time it was agreed that a deed conveying the land should be executed by plaintiff to defendant; that plaintiff had demanded payment of the note and tendered a duly executed deed, but payment was refused and the recovery of a judgment for the amount of the note and interest was sought, as well as an order compelling defendant to accept the tendered deed, which was filed with the petition, and an enforcement of the lien on enough of the land to pay the judgment. It was, therefore, an action partaking of the nature of one for specific performance. Defendant answered acknowledging the agreement to purchase the land on the terms stated but averred that he contracted for a perfect title and a warranty deed and that he had discovered an outstanding lien upon the land for $135.00 and interest, and that the title of plaintiff was imperfect in that the land was formerly owned by one Wilson who died intestate leaving nine heirs and that only four of them had conveyed their interest, leaving the other five still owning their respective shares and that plaintiff was, therefore, the owner of only a four-ninths undivided interest in and to the land. The answer was filed after the adjournment of the regular January, 1921, term of the court and thereafter, in vacation, plaintiff filed his reply, but whether that was done on a rule day of the court, as provided by act of March 29, 1902, now sections 367a-1-367a-12, both inclusive, of the Civil Code of Practice, we are unable to learn from the record. Immediately preceding the reply, as copied in the transcript, it is stated: "Orders Jackson circuit court August term rule day, second day of May, 1921," and following the copied reply this statement of the endorsement thereon appears, "Filed April 20, 1921. Attest: Levi W. Powell, Clk." The second day of May of that year was the first Mon-

day and was rule day under the sections of the Code, *supra*, and the reply, if filed on that day, was done at the proper time, but, if filed, as appears by the copied endorsement, on April 20, of that year, it was not done at any time provided by the practice. But, for the purpose of this opinion, we will assume that it was filed at a time provided for the purpose and that it properly became a part of the record.

The attorney for defendant did not reside in Jackson county, and at the August, 1921, term of the court he filed his affidavit for a continuance of the cause to enable him to take depositions proving the defenses relied on. In that affidavit he stated that he had been and was sick at the time and unable to attend court and that he had not taken proof for his client because of an understanding with counsel for plaintiff. The latter filed an affidavit controverting the alleged understanding concerning the taking of proof, relied on by defendant's counsel, and the court overruled the motion for a continuance and submitted the cause on the pleadings and rendered judgment in favor of plaintiff, to reverse which defendant prosecutes this appeal.

It is patent that the facts pleaded in the answer contained a defense to the relief sought by the petition, and if that defense was properly denied by the reply (assuming, as we have done, that it was appropriately filed), then the judgment is sustained by the pleadings, and the only question which the record would present in that case would be whether the court abused a sound discretion in not continuing the trial. Since, however, we have concluded that the reply did not put in issue the defenses relied on the question of the propriety of the court's action in declining to continue the cause will not be discussed or determined in this opinion.

The denial in the reply of the outstanding lien against the land, relied on in the answer, only negatives the fact that it was "owing (to) one Same Fields, his heirs or assigns" or that it amounted "to the sum of $135.00 with interest for a number of years." In attempting to meet the defense of defective title relied on in the answer, the reply denied: "That said Wilson died intestate leaving surviving him nine children or heirs-at-law, who immediately became the owners of all of said boundary of land, and denies that only four of said children have ever executed any conveyances or been divested in any of their title to said boundary of land, or that the plaintiff at

the time he purported or attempted to sell said boundary of land to this defendant, or at all times since, was invested with an undivided four-ninths of the title thereto, or no more, denies that for this reason or any reason, he plaintiff did not, or could not invest this defendant with a good or sufficient title thereto, or any portion thereof in excess of an undivided four-ninths (4/9)." Neither of those denials meets the requirements of correct and proper pleading. Under the first one, an outstanding encumbrance may have existed in favor of Fields or some other person other than him and for the amount of $134.99, and yet the attempted denial be literally true. As to the denial of the other defense, Wilson, the alleged former owner of the land, may have left surviving him eight children and five of them only conveyed their interest, leaving the other three still owning their undivided shares in the tract, and the pleading must be so construed as has often been held by this court. Some of the later cases so construing similar denials are: Gahren, Dodge and Maltby v. Farmers Bank of Estill County, 156 Ky. 717; Kitchen, Whit & Co. v. Powell & Co., 163 Ky. 92; Farris v. Matthews, 149 Ky. 455; Compton v. Wilkins, 164 Ky. 634, and Shields' Admr. v. Chesser, 167 Ky. 532.

In the first cited case, plaintiff sought judgment against defendants on a note for $5,000.00 which was executed as alleged on October 22, 1912. The answer denied "that on the 22nd day of October, 1912, at its special instance and request, plaintiff loaned to the defendant the sum of five thousand dollars ($5,000.00)," etc. It did not deny that the loan was made "at any other time" or for "any other sum or amount;" and in denying its sufficiency to form an issue, the opinion said: "A denial that on the 22nd day of October, 1912, plaintiff loaned to defendant the sum of $5,000.00 is an admission that on some other day plaintiff loaned to defendant that sum. A denial that plaintiff loaned to defendant the sum of $5,000.00, without the addition of the words 'or any other sum,' is, of course, not good, for it is an admission that plaintiff loaned to defendant a sum slightly less than $5,000.00. For the same reason, the denial of the following allegation of the petition: 'which amount they each both jointly and severally agreed to pay plaintiff' in the following language: 'which amount both jointly and severally agreed to pay plaintiff,' is an admission that either jointly or severally it agreed to pay

plaintiff said amount. Nor does the addition of the words 'defendant states that said note or debt sued on was without consideration, and this defendant received nothing therefor,' in view of the admissions contained in the first part of the pleading, present a defense." The other cited opinions adhere to the same rule of practice which is thoroughly settled and universally applied in this jurisdiction.

Under that rule the reply was insufficient to put in issue the defenses contained in the answer and they not being properly denied, should have been accepted by the court as true upon a submission of the cause on the pleadings alone followed by a judgment rescinding the contract on equitable terms as was prayed by defendant in the counterclaim contained in his answer. Ordinarily, in equity cases like this one, this court upon a reversal of the judgment will direct the entry of the proper one, but since there seems to have been a misunderstanding between counsel in regard to the preparation of the cause, the parties upon the return of the case will be permitted to amend their pleadings and prepare and try the issues upon the merits.

Wherefore, the judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.