## Royal Collieries Company et al. v. Picklesimer.

(Decided October 23, 1931.)

687

KIRK & WELLS and E. R. GENTRY for appellants.

WHEELER & WHEELER for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Reversing.

The appellee, Dr. F. M. Picklesimer, instituted this action against the Royal Collieries Company and the United States Fidelity & Guaranty Company. The appellee had heretofore recovered a judgment in the sum of $700 against the appellant Royal Collieries Company, for medical services rendered that company. The petition in the former action set out the necessary grounds for, and obtained a general order of attachment against the property of the Royal Collieries Company. This attachment was levied by a constable of Johnson county on a stock of merchandise. The Royal Collieries Company desiring relief from attachment which had been levied upon their commissary, executed before H. B. Adams, sheriff of Johnson county, a forthcoming bond in the sum of $1,400 with the United States Fidelity & Guaranty Company as surety. This bond is provided for by section 214 of the Civil Code of Practice, and, upon its execution, the attached propery released. Issues were made by the pleadings, and a final judgment rendered in favor of the appellee in the sum of $700. After rendition of this judgment, the appellee filed this petition in the Johnson circuit court making the Royal Collieries Company and the United States Fidelity & Guaranty Company defendants. In his petition, he sets out the judgment and the execution of the bond, and asked judgment upon this bond against the appellant United States Fidelity & Guaranty Company. The surety company filed its answer, the first paragraph of which is a general denial. The second paragraph denies liability on the bond on the ground that the attachment was executed by Frank Daniel, a constable of Johnson county, and the bond

executed before H. B. Adams, sheriff of Johnson county, and that the sheriff was without authority to take the bond, and that the attempted release of the property by reason of the execution of this bond was void. In the third paragraph, he denies liability on the bond for the reason that the Royal Collieries Company had been adjudicated bankrupt, and that the attached property had passed into the hands of the trustee in bankruptcy, and by that reason the appellants, as sureties, were released from liability on the bond. By an agreed order, this case was transferred to the equity docket. Depositions were taken, and, upon final submission, the court entered a judgment against the appellant United States Fidelity & Guaranty Company in the sum of $700. From that judgment, this appeal is prosecuted.

A number of grounds are pointed out as errors which we will pass and address our investigation to what appears to be the most serious obstacle to recovery by the appellee. As has been heretofore observed, the United States Fidelity & Guaranty Company pleads affirmatively, in the third paragraph of their answer, that

"Soon after the purported execution of said attachment on the property of the defendant in said suit, the said defendant, Royal Collieries Company was adjudicated a bankrupt under the bankrupt laws of the United States of America and Russell Becker, of Ashland, Kentucky, was appointed trustee thereof and all property and assets of said bankrupt, Royal Collieries Company, including its store and merchandise and all the property upon which the plaintiff claims his attachment had been levied and released by the execution of said bond, was lawfully transferred, turned over and came into the hands of said Trustee and by him administered and sold."

It pleads and relies upon this adjudication of bankruptcy as a complete release from liability under the bond.

The affirmative allegations of this answer are not controverted or denied, but, in response to same, the appellee replies as follows:

"For further reply to paragraph three, of defendant's answer, plaintiff says it may be true that after the execution of the bond releasing the attached property and after the same was turned

over to the defendant, Royal Collieries Company, that it was adjudicated a bankrupt under the laws of the United States and it may further be true that all of the property and assets of the bankrupt were disposed of under the orders of the referee in bankruptcy but plaintiff says that the action of said referee in bankruptcy or of the trustee in making sale thereof did not in any wise release the United States Fidelity & Guaranty Company, the surety in said bond, from its liability as surety on said bond."

It is therefore safe to say it is admitted by the appellee that the property upon which his attachment was levied, and which was released by the bond, passed into the hands of the trustee in bankruptcy, and was disposed of in the settlement of the bankrupt's estate. Section 693 of the Civil Code of Practice provides:

"In an action for the recovery of money in which the defendant may have given bond with sureties, or for whom sureties may have given bond, pursuant to the provisions of sections 14, 214, 221, or 258; or in which an appellant may have given bond with sureties, or for whom sureties may have given bond, pursuant to the provisions of section 724 or section 748—if such defendant or appellant have hereafter become a bankrupt under the laws of the United States, upon notice thereof from his adversary being served on the sureties, pursuant to the provisions of chapter 2 of Title 4, concerning the service of a summons, the court shall decide whether or not anything, and, if anything, how much, should have been adjudged against the defendant or appellant, but for the bankruptcy; and such decision shall be conclusive as to the liability of the sureties; but they shall not be liable upon a bond given pursuant to section 214, if property released from an attachment by reason thereof, or its proceeds, have lawfully come to the defendant's or appellant's assignee in bankruptcy."

By the terms of the bond executed under section 214 of the Civil Code of Practice, the appellant United States Fidelity & Guaranty Company undertook to bind themselves in double the value of the property that the defendant shall perform the judgment of the court, or that the property or its value shall be for the company in the action. The possession of the property under

the bond was released. The lien upon the property attached was not released by reason of execution of this bond, and the power of the court over the property remained in full force, notwithstanding the release of the possession of the property. Hudson Engineering Company v. Shaw, 167 Ky. 27, 179 S. W. 1083. The only undertaking assumed by the surety company by execution of this bond was that the property attached would be forthcoming, or that the judgment of the court would be satisfied. Bell v. Western River Company, 3 Metc. 558; Hobson v. Hall, 14 S. W. 958, 13 Ky. Law Rep. 109; Lee v. Newton, 87 S. W. 789, 27 Ky. Law Rep. 1004. Before an action can be brought upon the bond, a judgment must have been obtained sustaining the attachment and subjecting the attached property to sale. Farris v. Matthews, 149 Ky. 455, 149 S. W. 896. Until these conditions precedent have been met, there is no duty obligatory upon the surety to bring forth the property. Edwards-Barnard Co. v. Pflanz, 115 Ky. 393, 73 S. W. 1018, 24 Ky. Law Rep. 2296. There is a judgment and order sustaining the attachment in this case, but subsequent to the levy of the attachment, and prior to the rendition of the judgment sustaining the attachment, the property attached had passed into the hands of the Royal Collieries trustee in bankruptcy, that company having been in the time intervening between the levying of the attachment and the rendition of the judgment, adjudicated a bankrupt. The property ordered sold was not in possession of principal or surety, and not capable of being possessed or delivered by either. This state of facts is admitted by the pleadings here, and by that admission, and the plain provisions of section 693 of the Code, it was error to render judgment against the United States Fidelity & Guaranty Company as sureties upon the bond. Payne v. Able, 70 Ky. (7 Bush) 344, 3 Am. Rep. 316; Pugh's Administrator v. White, 78 Ky. 211; Dersch v. Walker, 121 Ky. 374, 89 S. W. 233, 28 Ky. Law Rep. 326. We deem it unnecessary to pass on the other question presented, since we have arrived at the conclusion announced.

The judgment is reversed, with direction to dismiss the petition against United States Fidelity & Guaranty Company.