# Hazelip v. Doyel.

(Decided June 21, 1935.)

V. R. LOGAN for appellant.

WHITTLE & DEMUNBRUN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

Some time ago an action was instituted in the Edmonson circuit court by J. M. Doyel and others against Herbert Hazelip, trustee, alleging that a schism existed in the New Liberty Church of Christ, near Asphalt, Ky., and asking that the court define the rights of the parties and others in and to the church property. At the regular March term, 1933, of the court a judgment was entered adjudging that the trustees of the church had full and complete control of the church property, and dismissing the petition.

Thereafter, and before the order book containing the judgment entered at the March term was signed, a motion was made to set aside the judgment and permit the parties to take additional proof. On May 26, 1933, and before the order book was signed, the court handed down a written memorandum opinion directing that an order be entered setting aside the former judgment and

permitting the parties to take additional proof. The memorandum opinion was filed with the papers, but by mistake the order directed to be entered setting aside the former judgment was not entered. Thereafter the court, believing that the order had been entered, signed the order book.

On June 21, 1934, J. M. Doyel filed a petition for a new trial setting forth the foregoing facts and alleging that through oversight or mistake no order was entered in conformity with the court's opinion. The court granted a new trial and gave the parties permission to proceed as directed in his opinion. On final hearing it was adjudged that the two factions were approximately equal in numbers and were entitled to an equal division of time in the use of the church and premises. Hazelip appeals.

This is not a case where the court rendered a valid judgment and attempted after it had become effective to set it aside at a subsequent term. Before signing the order book, the court delivered a written opinion directing the entry of an order setting aside the former judgment, and permitting the parties to take additional proof. As the signing of the order book by the judge is essential to the validity of a judgment, Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, 33 Ky. Law Rep. 673; Farris v. Matthews, 149 Ky. 455, 149 S. W. 896; Auxier v. Auxier, 180 Ky. 518, 203 S. W. 310, it necessarily follows that until that is done the judgment is under the control of the court and may be amended, modified, or set aside. Whether, in view of the fact that the subsequent order was not entered and the court signed the order book under the mistaken belief that it had been entered, it was necessary to apply for a new trial under section 518, Civil Code Prac., we need not determine. The application was made, and the facts were placed before the court. The general rule is that when an order or direction of the court has been omitted by inadvertence or mistake on the part of the clerk or the judge, and there is some memorandum, record, or writing in the cause indicating and establishing the character of judgment or order which the court actually rendered, and vested rights of innocent persons will not be injuriously affected, an order nunc pro tunc may be entered. Rogers v. Biggstaff's Ex'r, 176 Ky. 413, 195 S. W. 777; Benton v. King, 199 Ky. 307, 250 S. W. 1002. In exercising this power the court is only cor-

recting its own omission or mistake or that of its clerk. It is not the making of a new order or direction, but the new entry of an old order or direction. It is merely placing the parties to the record in the condition the court intended they should be. Ralls v. Sharp's Adm'r, 140 Ky. 744, 131 S. W. 998. It cannot be doubted that the "memorandum opinion" of the judge filed with the papers affords sufficient evidence of the court's action to authorize the entry of a nunc pro tunc order. No vested rights of innocent parties will be injuriously affected. Only the rights of the original parties and those whom they represent are involved. We are therefore constrained to the view that whatever may have been the nature of the proceeding the facts presented were such as to authorize the entry of a nunc pro tunc order setting aside the original judgment and that such was the effect of the court's action.

Judgment affirmed.