## Hazelip v. Doyel.

(Decided Dec. 18, 1936)

V. R. LOGAN for appellant.

WHITTLE & DEMUMBRUN for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

478

This is the second appearance of this appeal. For the conclusions of this court and proceedings below, up to the filing of the mandate issued as directed on the first appeal, reference is made to Hazelip v. Doyle, 260 Ky. 313, 85 S. W. (2d) 685.

On the first appeal this court held that a judgment which had been entered but not signed by the court below might be disregarded and the case proceed to trial on the merits.

On the former appeal this court found that it was shown by the pleadings that a schism existed in the New Liberty Church of Christ, and the court below was asked to define the rights of the contending parties in and to the use of the church building for the purpose of holding services. Whatever may have been said in that opinion was and is the law of the case as then presented. Carrithers v. Jeans' Executor et al., 259 Ky. 20, 81 S. W. (2d) 857, and cases cited.

In the first case the court below by the unsigned judgment held that certain persons named as trustees had the right to hold the key to the church building, denying Doyel's right to have a key. Later and before the judgment had been signed, attention was directed to section 322, Ky. Stats., which provides that, when a schism or division shall take place in a religious society, the trustees shall permit members of each party to use the church and appurtenances for divine worship a part of the time proportioned to the number of members of each party. The court holding that the case was still open directed that if it should be shown that a schism existed, and he was justified by the proof, he would apply the statute in so far as it related to the situation. If no schism be shown, his original judgment would be signed and permitted to stand.

Upon this ruling proof was taken, and later the court adjudged that there existed a schism or "division into factions in the congregation of the New Liberty Church of Christ," the two factions being denominated as the "Hazelip" and the "Kinser" faction, each approximately equal in number, hence entitled to an equal division of time for use of the church premises. In accord with his conclusions, the court fixed a division of time, each faction to have a key to the building, each to keep and leave the church after use in a clean and sanitary condition, and to apportion the expenses of up-

keep. Appellant, not being satisfied with the court's ruling, seeks to have this court reverse the judgment.

The land on which the church building is erected was donated by deed of date June 24, 1907. The grantees were three named trustees of the New Liberty Church of Christ (appellee being one), and the conditions were in part that the trustees were to build and furnish the "church-house now being built by J. S. Dunn" to be used as a "church *sight* for the said Church of Christ." The land was to revert to the "donator" if the terms of the grant were not complied with, or if certain other contingencies should arise. It is not divulged from the pleadings or proof how or in what manner, nor by whom the church was completed. Sufficient it is for us to observe that it was completed and this congregation has used it for many years.

Reading the proof, we reach the conclusion that this church organization is a self-governing body. It neither recognizes nor owes allegiance to any higher or other governing authority. While it fellowships with similar bodies having the same doctrines or religious beliefs, the fiat of the congregation is supreme; the congregation is controlled by the voice of its members, not by a majority but by unanimous acclaim. In controversies which arise in such religious societies it may be conceded that the church, or congregation, alone has full and complete jurisdiction of communion, faith, doctrinal views, and discipline, and the membership must submit to all such rules and regulations controlling these matters as are from time to time prescribed by the church, "but the church does not always have exclusive [control or] jurisdiction over property or personal liberty, or over any right which it is the duty of the civil power to protect. Therefore, when a question arises involving the right to use property belonging to a church or the ownership of such property, the jurisdiction of civil courts may be invoked to determine property rights." Thomas v. Lewis, 224 Ky. 307, 6 S. W. (2d) 255, 257.

Where a schism exists, as defined by this court in many cases, section 322, Ky. Stats., controls, and civil courts have the power to balance the scales in the manner therein provided. This statute was enacted for the purpose of settling in civil courts just such difficulties as are shown to exist here.

480

The position may be taken at the outset that the Kinser faction, or, as they denominate themselves, the "loyal members," have never been expelled or "turned out" by action of the congregation of the New Liberty Church. In fact, as we read the evidence, which is not any too clear on the subject, it may be· well doubted if the congregation has the power to expel any member. Appellant testifies that when a person applies for membership the congregation does not take a vote as to whether he or she shall be rejected or accepted, "there are none refused." Some members leave the church at times, but none so far as we can discover are ever expelled, in fact, appellant says that "the congregation never votes on whether to receive a member or to exclude a member, we leave that with the applicant."

Appellant insists that the case should be reversed, with directions to the lower court to dismiss the petition because appellee was without power or authority to maintain the action. Appellee began his suit in the capacity of trustee of the church,. and in his own right as a member. The deed for the church property from Davis was made to three trustees, of which number Doyel was the only one living at the time of the suit. He had never forfeited his membership in the church, though he had been away from the community for a protracted period. In the case cited and upon which appellant relies, Humphrey v. Burnside et al., 4 Bush (67 Ky.) 215, this court, in holding that it was proper in the case there at hand for the trustees or a committee appointed by the trustees for that purpose to maintain the suit, indicated that "no one except a member could sue in his own individual name." On the proof taken it was made clear that Doyel was representing what developed to be a fairly representative body of the membership. We think appellee had the right to maintain and prosecute his suit, and that it was prosecuted for the benefit of those in the "Kinser faction."

It is next correctly argued that, if there exists a schism or division caused alone by doctrinal differences, the civil courts are powerless to interfere; but this is not the situation. It is true that one member, the leader of the "Kinser faction," when asked, "Was the division over doctrinal questions?" answered, "Partly so and partly not," but, when we read all the proof we readily conclude that a division or cleft on any sort of

doctrinal question is far from being exemplified. In fact, appellant himself described the differences as "being of worldly nature and not in accordance with the scripture, there being no material difference in our belief. * * *"

Reading the testimony of all the parties, we are inclined to believe that appellant very aptly described the cause of the cleft. It appears to be based solely and entirely on matters indeed worldly, and it is because, as appellant says, these "worldly" matters were not conducted or carried on according to the Scriptures these two factions exist. From all the proof it is easily determined that there is a situation here to which section 322, Ky. Stats., directly applies, and one to which it was intended to apply. Its application here is not the least in conflict with Thomas v. Lewis, supra, Trustees of Oak Grove Missionary Baptist Church v. Ward, 261 Ky. 42, 86 S. W. (2d) 1051, nor Clapp v. Krug, 232 Ky. 303, 22 S. W. (2d) 1025. It is especially applicable under our decisions in Poynter v. Phelps, 129 Ky. 381, 111 S. W. 699, 33 Ky. Law Rep. 887, 24 L. R. A. (N. S.) 729; Cox v. Prewitt, 197 Ky. 716, 247 S. W. 976; Ennix v. Owens, 209 Ky. 19, 271 S. W. 1091; and particularly Rose v. Briggs, 205 Ky. 619, 266 S. W. 236.

The court below decreed an equal division of time to each faction in which period it might use the church property, with certain restrictive duties imposed on each body. This was in conformity with the proof and section 322, Ky. Stats.

Judgment affirmed.