## Ison v. Ison et al.

(Decided March 25, 1938.)

H. R. WILHOIT for appellant.

THOS. S. YATES and JOHN S. DeHART for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

Lance Ison alleged in his petition in equity that he had purchased a certain tract of land for $375 at a decretal sale, and at the request of his 80 year old grandmother, Mrs. Belle T. Ison, the defendant, he had had the property conveyed to her, with the agreement that she should hold the title as his trustee; that he should have the use and benefit of the property; and that she would convey the title to him before her death. The petition averred that Mrs. Ison had attempted to convey the property to John Ison, her codefendant, and that both of them were attempting to evict the plaintiff and claiming title in John Ison. The pleading set forth conjunctively what the parties had done, when and how. The answer denied all these allegations conjunctively. It also set up affirmative defenses upon which issue was joined by a reply. Upon oral evidence, the chancellor dismissed the petition and quieted Mrs. Ison's title. The plaintiff appeals, but he has not brought up the evidence.

Appellant insists that he is entitled to a reversal of the judgment because the traverse of the allegations of his petition was a negative pregnant and for that reason did not make any material issue. The plaintiff raised the question by demurrer and later by a motion to strike the defective denials, but the trial court overruled him. Ordinarily a negative pregnant does not make a material issue. Thus, where a number of facts are alleged connectively, and the answer denies them in the same conjunctive form, the denial admits the separate existence of each fact or goes only to certain

facts and admits others. Another illustration is that, where a fact is alleged with some qualifying or modifying language, and the denial is conjunctive, it is held that only the qualification or modification is denied, while the fact itself is admitted. 49 C. J. 269, 271; Gahren, Dodge & Maltby v. Farmers' Bank of Estill County, 156 Ky. 717, 161 S. W. 1127; White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486; State Bank of Stearns v. Stephens, 265 Ky. 615, 97 S. W. (2d) 553. The court should have sustained the demurrer to the answer and permitted its reformation. But, though the plaintiff did all that he could to get rid of the bad answer, the case went to trial upon the issues and the defective pleading was cured by the judgment. Brooks v. City of Maysville, 151 Ky. 707, 152 S. W. 788; Donoho v. Rawleigh, 230 Ky. 11, 18 S. W. (2d) 311, 69 A. L. R. 1135. There is another reason for disallowing this ground for reversal. The answer set up an affirmative defense which would prevent us from saying, in the absence of the evidence, that the plaintiff was entitled to a judgment on his petition.

But the judgment will have to be reversed because the case was prematurely tried over plaintiff's objection. Section 367a-5, Civil Code of Practice, is as follows:

"Suits in equity shall stand for trial at the first term of court after the issue shall be completed or, by the provisions of this act, shall have been completed, thirty days before the commencement of the term."

The petition was filed April 12, 1937. A responsive pleading was due at the next rule day, and on that day, May 3d, the defendant filed a demurrer. There is an order of court entered on that day overruling the demurrer, although it appears the court was not in regular session. On the same day, answer was filed with affirmative allegations requiring a traverse in order to complete the issues. It appears the next term of court began June 7th, and on the third day of the term the plaintiff filed a motion to strike from the answer, and on the fourth day a demurrer to the answer. On the seventh day, June 14th, he filed his reply. The court set the case for trial on June 19th; and, upon plaintiff's objection, because the case did not stand regularly for trial, he reset it for June 24th, to which the plaintiff

excepted. Trial was had and judgment rendered on that day. Though it appears that 51 days had elapsed since the filing of the petition, there had been only 10 days since the issues were completed. By its affirmative statement as to when a suit stands for trial, the Code provides, per contra, that this case did not stand for trial until after the issues had been completed 30 days before the term of court. Jones v. Hazard Dean Coal Company, 169 Ky. 588, 184 S. W. 1131; Wakenva Coal Company v. Johnson, 234 Ky. 558, 28 S. W. (2d) 737; Walters v. Godsey, 246 Ky. 16, 54 S. W. (2d) 387.

Judgment reversed.