# Fleming et al. v. Campbell.

February 25, 1949.

Wheeler & Wheeler and W. J. Ward for appellants.

W. A. Johnson for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

Appellee obtained judgment for damages to his car and for the loss of the use thereof. Appellants are here seeking reversal of that judgment.

The action grew out of an accident wherein a truck owned by appellant, Marvin Fleming, collided with the automobile of John Campbell. The collision occurred a little after dark on November 25, 1946. Appellee was traveling east on Route 23 toward Paintsville. The truck was traveling west. Appellee, plaintiff below, brought the action against Fleming charging gross negligence. Fleming defended alleging that Campbell's car had only one headlight burning and claimed that this was the cause of the collision.

At the time of the filing of the action, Campbell asked for and procured an attachment against the property of appellant. Under authority of the attachment, the sheriff levied on the truck involved in the collision.

It appears that Campbell, having failed to obtain service of summons on Fleming, filed affidavit for warning order attorney, in which he stated Fleming was hiding or evading such service. Warning order attorney was appointed, who wrote Fleming informing him of the pendency of the action and the nature thereof. He received in reply a letter in which Fleming stated that he had a good defense and advised the warning order attorney to see his attorney, W. J. Ward. Campbell then served notice that he was going to ask for the sale of the truck. Whereupon, a forthcoming bond was executed to the sheriff signed by Roy Fleming and S. W. Little, also appellants herein, and the posession of the truck was returned to appellant, Marvin Fleming.

Later the trial was had and verdict returned in favor of appellee against appellant, Marvin Fleming, for $1000 as damages to his car and $300 for loss of use thereof. Appellee failed to ask the court to sustain his attachment. However, sometime later appellee served notice on Roy Fleming and S. W. Little, sureties on the forthcoming bond, that he would ask the court for judgment against them in the amount of $1300. Pursuant to the notice, motion was entered and the court returned judgment against the sureties in that amount. Consequently, we have the sureties joining the defendant below as appellants in this action.

It is claimed first that the judgment should not have gone against the sureties because appellant, in his action below, failed to meet the requirements of the Civil Code of Practice relative to the procurement of an attachment. All that appellants say relative thereto is correct. A perusal of the petition discloses that plantiff below merely states that because of his claim in the amount of $1300 he is entitled to an order of attachment against the truck. He further sets out in his petition "that defendant is also the owner of certain lands and realty located in Letcher County, Kentucky * * *." There is no verification of the petition, no grounds of attachment alleged, and no affidavit in support of any grounds of attachment.

But, we are next confronted with the fact that no motion was made by appellant to discharge the attachment, or no move was made to do anything about it. However, after notice of sale, and prior to the attempted sale, a forthcoming bond was executed.

Appellants next insist that, due to the fact appellee did not have his attachment sustained, it was improper for the court summarily to proceed against them, and to enter judgment against them as sureties. All that they say about this is also correct. The record discloses that the court below treated the forthcoming bond as a bond to discharge the attachment as under Section 221 of the Civil Code of Practice, in which event the procedure as adopted by appellee would have been proper since we have held that where bond is made to discharge the attachment all power of the court and its officers over the attached property ceases, and the plaintiff can look only to the bond. We have also held in an action to enforce such a bond the sufficiency of the grounds of attachment cannot be challenged. Thompson v. Arnett, 64 S.W. 735, 23 Ky.Law Rep. 1082; Fidelity & Deposit Co. of Maryland v. Helm, 217 Ky. 384, 289 S.W. 280; and Fidelity & Deposit Co. of Maryland v. Cobb, 213 Ky. 467, 281 S.W. 478. But the rule is different where a forthcoming bond is executed pursuant to Section 214, Civil Code of Practice. Where such bond is executed the bond is regarded merely as an obligation for the forthcoming of the property and the power of the court over the attached property continues as effectually as if no bond had been given. We have held in numerous cases that a peremptory rule

against the obligors in such a bond to pay plaintiff's debt is erroneous, and we have further held that an order sustaining the attachment is a condition precedent to an action on such a bond. See Farris v. Matthews, 149 Ky. 455, 149 S.W. 896. Therefore, the appellant sureties are correct in what they contend. The court erroneously entered judgment on the forthcoming bond. But they are still no better off since in prosecuting this appeal a supersedeas was executed and these same sureties signed the supersedeas bond as sureties thereon. Consequently, if appellee is to look to sureties for satisfaction of the judgment it must be as sureties on the supersedeas and not as sureties on the forthcoming bond. So, if they are to escape liability they must escape with appellant, Fleming. He is here urging reversal of the judgment against him.

Appellant quite readily admits in his brief that there was a conflict in the evidence as to the way the accident happened, and stated: "Of course, we are mindful of the fact that when an issue was made of this question it was for the jury to decide; however, the jury should have been given the case under proper instructions of the court."

Complaint is first made that the instructions are erroneous in that in Instruction 1 the court placed upon appellant the duty of operating his truck in a careful and prudent manner and on the proper side of the road in the direction in which he was traveling. It is admitted that this instruction was correct but it is insisted the court overlooked the fact that the same obligations rested on appellee, the driver of the car. It is insisted that the court erred in its instruction immediately following Instruction 1, wherein the only obligation placed on appellee was to have both headlights burning. It is argued that as a matter of fact, under the instruction relative to the duties of appellee, appellee could have been driving on the wrong side of the road, at a rapid or unreasonable rate of speed, or could have been reckless in any manner he desired, and the court only required him to have his headlights burning. On the face of it this reasoning might appear to be meritorious, but upon more serious consideration it will be recalled that Fleming specifically charged that the cause of the accident was that Campbell did not have both headlights burning.

There was no evidence, nor was he challenged in any respect about driving on the wrong side of the road, or driving too fast, or any other sort of recklessness. The court properly confined his instructions to the facts.

Appellant next complains about the instructions wherein there was authorization for recovery of $1000 for damages to the car and $300 for loss of use thereof. It is insisted that the court should not have instructed to find anything for the loss of use of the car since Campbell sold the car for $200. It is stated in the brief: "Also, the appellee, John Campbell, was permitted to recover $300 for the use of his car when the evidence showed conclusively that he sold the car and received the money therefor and undoubtedly he should not have judgment for the nonuse of the car after he had sold it and for this reason the judgment should be reversed."

Also it is insisted the judgment for $1000 should have been credited with the $200 which was the salvage value of the car. The evidence shows that the value of the car immediately before the wreck ran from $1200 to $1400, and immediately after the wreck to be worth only $200, or a loss of from $1000 to $1200. The car was salvaged for $200. There is no merit in this claim of appellant.

According to the evidence there would be merit in what appellant says relative to the $300 for the loss of the use of the car. The evidence is entirely insufficient to establish a loss in the amount of $300. Appellee, himself, testified that he used the car to go to and from his work but that he only used it to go home over weekends, sometimes each week and sometimes once in every two weeks. Appellee said that the bus fare was around $3 or $3.50 one way, and taking for granted he did use the car once a week, that would only be $7 a week for bus fare, and yet he is asking $10 a day for the loss of the use of the car. In his instruction the court should have limited the amount the jury could find to the amount as shown by the evidence and not merely what appellee said it was worth to him.

However, we are confronted with another difficulty. It appears that no other instructions were offered, no objections were made to the instructions given, and it further appears from the record that the instructions as

given were agreeable to both sides. Furthermore, neither in the motion and grounds for new trial, nor in the bill of exceptions, is there any mention made of erroneous instructions. We cannot consider the question here since the court below had no opportunity to pass on the question of error in instructions.

Wherefore, the judgment awarding damages to appellee is affirmed.