MANUFACTURERS NATIONAL BANK OF
DETROIT, Appellant,

v.

Woodrow GREENWADE, d/b/a Greenwade's
Garage, Appellee.

Court of Appeals of Kentucky.

Dec. 4, 1959.

W. W. Burchett, Prestonsburg, for appellant.

Joe P. Tackett, Prestonsburg, for appellee.

CULLEN, Commissioner.

The question before us is one of priority of liens. The judgment below held that the mechanic's lien of Woodrow Greenwade for repairs made upon an automobile, in the amount of approximately $1,200, was superior to the chattel mortgage claim of the Manufacturers National Bank of Detroit. The bank has moved for an appeal.

One Alex Allen, then a resident of Michigan, mortgaged his automobile to the Manufacturers National Bank of Detroit. The mortgage was recorded in Michigan. Some four months later, Allen came to Kentucky, and thereafter he mailed to the bank three monthly payments on the mortgage, from a Kentucky address, the last of these payments being made in October 1957. He defaulted in the payments for November and December 1957, and for January 1958,

and on January 16, 1958, the bank (without ever having recorded its mortgage in Kentucky) brought a claim and delivery action against Allen to recover possession of the automobile. The sheriff seized the automobile, but upon the execution of a forthcoming bond he released the automobile to Allen.

On January 29, 1958, while the automobile was in Allen's possession under the forthcoming bond, it was severely damaged in a flood. Allen took the car to the garage of Woodrow Greenwade and requested that he repair it. Greenwade made repairs costing approximately $1,200. Greenwade then intervened in the claim and delivery action and an issue was made as to priority of liens. The court held that Greenwade's lien was superior to that of the bank.

In their briefs on this appeal, the parties argue only the question of whether the bank was required to record its mortgage in Kentucky in order to preserve its lien as against third parties. However, we think the controlling question is whether the claim of Greenwade has any validity at all as against the claim of the bank, in view of the fact that the repair work done by Greenwade, at Allen's request, was done when the automobile was in legal custody of the court by virtue of having been seized by the sheriff in the claim and delivery action.

Where property has been attached, and then released to the defendant upon his executing a forthcoming bond, it is held that the execution of the bond does not release the lien of the attachment and that the power of the court over the property continues in full force. Hudson Engineering Co. v. Shaw, 167 Ky. 27, 179 S.W. 1083; Royal Collieries Co. v. Picklesimer, 240 Ky. 686, 42 S.W.2d 907; Fleming v. Campbell, 309 Ky. 527, 218 S.W.2d 55. While the defendant has actual possession of the property, it is, in contemplation of law, in the court's possession and subject to the court's control. Hobson & Co. v. Hall, 10 Ky.Law Rep. 635. Accordingly, a mortgage executed by the defendant upon property that has been attached is subordinate to the attachment lien. Bryant v. Bryant, 7 Ky.Op. 7.

We think the reasoning of the attachment cases is equally applicable to a claim and delivery case, as concerns the question of legal custody when the property has been seized and then released to the defendant under a forthcoming bond. See 77 C.J.S. Replevin § 141, p. 96.

It is our opinion that Allen, in holding the automobile under the forthcoming bond, had only the bare right of possession, subject to the legal possession and control of the court, and that Allen did not have the power to incur a lien against the automobile that could take precedence over the claim of the plaintiff in the action in which the automobile had been seized.

The motion for an appeal is sustained and the judgment is reversed, with directions to enter judgment in conformity with this opinion.